# Hoover *v.* Reichard, Appellant.

*Negligence—Automobiles—Collision—Case for jury.*

In an action to recover damages for personal injuries sustained in a head-on collision between two automobiles, the case is for the jury where the testimony of the plaintiff and his witnesses, although directly contradicted by the defendant and his witnesses, was in effect that the plaintiff was driving his car along the south side of a road, which was the right side, and that defendant approached from the opposite direction on the same side of the road at a high rate of speed, and ran into plaintiff's machine.

The mere fact that a person was running an automobile on the right side of a road does not determine the presence or absence of negligence.  The right of a traveler to occupy any part of a road is not absolute and continuously exclusive as to others lawfully upon the highway; he is charged with the duty of exercising ordinary care according to the circumstances.

A witness in an automobile accident case who has testified that he had run automobiles thousands of miles and had been in several races, and had observed several accidents, is not qualified as an expert to answer a question as follows: "what would be the result in reference to the position of the cars if cars approaching each other in the manner as appears in the case were to come in contact?"

In such a case it is not error for the court to refuse an offer to prove that twelve hours after the accident happened, a witness went to the scene of the accident for the purpose of removing defendant's car, and found tracks corresponding to the size of those made by plaintiff's car, and which led across from the south side

518        HOOVER v. REICHARD, Appellant.

Syllabus—Opinion of the Court. [63 Pa. Superior Ct.
of the road to the place where defendant's car was standing. The
mere circumstance of a tire on a much-traveled highway making
a certain track that may have been the width of the tires of plain-
tiff's car, is not sufficient identification to send such evidence to
the jury.

Argued March 13, 1916. Appeal, No. 15, March T.,
1916, by defendant, from judgment of C. P. York Co.,
Oct. T., 1914, No. 44, on verdict for plaintiff in case of
George W. Hoover v. J. F. Reichard. Before ORLADY,
P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS,
JJ. Affirmed.

Trespass to recover damages for personal injuries and
injuries to an automobile. Before WANNER, P. J.

The circumstances of the accident are stated in the
opinion of the Superior Court.

Verdict and judgment for plaintiff for $134. Defend-
ant appealed.

Errors assigned were (1) answer to point quoted in
the opinion of the Superior Court; (2, 3) rulings on evi-
dence referred to in the opinion of the Superior Court.

W. F. Bay Stewart, with him W. A. Miller and Fred-
erick B. Gerber, for appellant.

Harvey A. Gross, for appellee.

OPINION BY TREXLER, J., July 18, 1916:

This case arises by reason of a collision which occurred
between two automobiles going in opposite directions.
The plaintiff testified that he was driving his auto along
the south side of the turnpike which was the right side
and that defendant approached from the opposite di-
rection on the same side of the road at a high rate of
speed and ran into his machine. The defendant and his
witnesses denied the story entirely. Between the two
sets of witnesses there was irreconcilable difference. The

matter necessarily had to be left to the jury. The point urged in support of a motion for a new trial that there was not sufficient evidence in the case to support the verdict is not tenable. The trial court declined to grant a new trial and that was a question within his sound discretion: Com. v. Filer, 249 Pa. 171 (178). There was certainly no abuse of it in this case. All the people in plaintiff's machine testified that he was on the right side of the road and that the defendant was on the same side. Defendant's witnesses testified to an exactly contrary state of facts.

The following point was submitted to the court: "If the jury find from the evidence that the defendant was running his machine on the north side of the turnpike at the time of the accident, then he was on that part of the road which he had a right to occupy, and the verdict of the jury must be for the defendant." This was answered in the following manner: "This point is affirmed as to the defendant's right to occupy the north side of the road; but whether or not the verdict must be for the defendant, depends upon whether or not on the whole evidence the defendant was guilty of any negligence at the time of this accident, which under the circumstances made him legally liable for the plaintiff's injury and loss from the accident." The court was right in not unqualifiedly affirming the point. The mere fact that defendant was on the right side of the road does not determine the presence or absence of negligence. There is no law that allows one who is on that side of the road to run down anything in his path. The place usually occupied by vehicles is the center of the road. When they are about to pass, each one is required under the rules of the road as well as under the statute to pass to the right. Each party must reasonably regulate his speed so as to allow the other to turn out. When two vehicles are approaching each other as in this case, the one at ten miles per hour and the other at forty and the latter collides with the former, it is certainly not conclusive of the exer-

cise of proper care to show that the vehicle going at the rapid rate was on the right side of the road. The jury could under such circumstances readily conclude that the rate of speed of the one was so rapid so as not to give time to the occupant of the other vehicle to get out of its way. There may have been other elements of negligence apart from the position occupied by defendant's vehicle which contributed to the accident. As stated by the lower court a traveler's right to use the highway and the manner of its use are both qualified by surrounding circumstances and he is also charged with the duty of exercising ordinary care as to risks of the road and the safety of other travelers. His right to occupy any part of it is not absolute and continuously exclusive as to others lawfully upon the highway.

A witness who had testified that he had run autos thousands of miles and had been in several races and had observed several accidents was asked, "What would be the result in reference to the position of the cars, if cars approaching each other in the manner as appears in the case were to come in contact?" This question was objected to because the witness had not given any testimony that would show that he was an expert in showing the scientific result of the coming together of two moving bodies. We think the position of the court in excluding the testimony was clearly right. The reason is sufficient to support the ruling of the court as an examination of the testimony shows that the witness did not qualify as an expert so as to give a statement of his judgment as to what was likely to happen any weight with the jury or was it in any way calculated to aid them in understanding the question of fact involved.

The defendant offered to prove that on the morning following the accident, about twelve hours after it occurred, a witness went to the scene of accident for the purpose of removing defendant's car and found tracks corresponding to the size of those made by plaintiff's car, a Ford, and which led across from the south side of the

turnpike to the place where defendant's car was standing. The court excluded the testimony. If the tracks had been identified as those made by plaintiff's auto, the testimony would have been relevant but as was stated by the court, the turnpike was a much traveled highway and the mere circumstance of a tire making a certain track that may have been the width of the tires of plaintiff's machine was not sufficient identification to send this evidence to the jury.

The assignments of error are overruled and the judgment is affirmed.