# Renner et al., Appellants, *v.* Tone et al., Receivers.

*Negligence—Automobiles—Street railway — Invited passenger in automobile—Contributory negligence of guest—Nonsuit.*

1. A guest in an automobile is guilty of contributory negligence, where it appears that he saw that the automobile was being driven on the wrong side of the street, and, from the condition of the traffic, that an accident was inevitable, but failed to warn the driver, although he had ample time to do so.

2. A motorman is not bound to anticipate that an automobile traveling in the same direction as his car will be suddenly turned into the car's path.

Argued October 19, 1921. Appeals, Nos. 208 and 209, Oct. T., 1921, by plaintiffs, from order of C. P. Allegheny Co., Jan. T., 1920, No. 35, refusing to take off nonsuit, in case of Earl S. Renner, a minor, by his father William J. Renner, and William J. Renner, in his own right, v. S. L. Tone et al., Receivers of Pittsburgh Rys. Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before DREW, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was order refusing to take off nonsuit, quoting it.

*Edmund K. Trent,* of *Prichard & Trent,* for appellants.—The case was for the jury: Minnich v. Transit Co., 267 Pa. 200; Beck v. Director General, 268 Pa. 571.

*William A. Challener,* with him *Clarence Burleigh,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 3, 1922:

Earl Renner, aged nineteen, and his brother, were invited to ride to their home on a small Ford truck. Earl stood on the running board, as the truck was too small to permit him to be seated in the car. The driver of the truck kept his vehicle on the left side (the wrong side) of the street for a distance of 1,140 feet,—from the time the boys got on the car until he attempted to cross to the side where he should have traveled. During this time there was nothing to prevent the boys or the driver from observing the traffic approaching, and, for a distance of 450 feet before the accident occurred, it is clear there was nothing to obstruct the vision. Within this space the driver had ample room and time to place his car out of danger, by traveling on the side of the street where it should have been. But he waited until within a few feet of some approaching traffic, when suddenly, without warning, he swung his car toward the right side of the street and was instantly struck by a street car coming behind him. Plaintiff saw the street car some distance away, at a time when the auto was traveling about twenty miles an hour, and when the driver attempted to cross to the right side the street car was about one hundred feet away, as plaintiff states, though the front part of the truck was struck just as it reached the rails of the track. As a result of the collision with the street car, the truck was thrown against a huckster wagon proceeding on its own side of the street.

Plaintiff, as the guest of the driver, was equally responsible with him for the accident (Minnich v. Easton Transit Co., 267 Pa. 200, 204; Hill v. P. R. T. Co., 271 Pa. 232; Martin v. Pa. R. R. Co., 265 Pa. 282), as he knew, from the speed and manner of driving, the approach of the traffic towards them and the street car's coming from the rear, that, unless a turn to the right

was soon made, an accident must be inevitable. Within this space, the danger becoming greater as the distance shortened, he had ample opportunity to warn the driver of the street car's approach; but nothing was done by the plaintiff, and the driver, with his car running at the speed stated, made no turning movement until within a few feet of the oncoming traffic. The left side of the street may have had a better roadway on which to travel; but they all took a chance of meeting traffic moving in opposite directions, and of getting safely to the right side, where traffic was moving in their direction. They were caught between the two movements. Plaintiff joined in taking the chance when, without protest, he permitted the driver to be on the wrong side of the street and to cross immediately in the face of traffic going in both directions. But, however, this may be regarded, there was clearly no evidence of defendant's negligence; the motorman was not bound to anticipate that a car traveling in the same direction would be suddenly turned in the street car's path. The judgment must be affirmed.

Judgment affirmed.

SIMPSON, J., concurs solely on the ground that the evidence fails to disclose any negligence on the part of defendant.