## Condren et al., Appellants, *v.* Heintz et al.

*Negligence—Imputed negligence—Automobiles—Liability of occupant not driver—Joint tort feasors.*

In an action to recover damages from the driver, and another occupant, of an automobile, for the death of a pedestrian struck by the automobile, there must be proof of coöperation of the defendants. A mere common destination is not enough. All persons occupying a vehicle destined for some point may be said to have a common purpose in view, but they do not thereby become joint tort

feasors if one of them is guilty of negligence. Negligence cannot be imputed where an accident happened without warning, and no interference by the guest was called for or could have prevented the injury.

Argued April 11, 1921. Appeal, No. 153, April T., 1922, by plaintiffs, from judgment of C. P. Erie County, Feb. T., 1920, No. 155, in favor of defendant non obstante veredicto, in the case of Jesse Condren, Maude Prendergast and William H. Prendergast v. Kate Heintz and Margaret Heintz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for death of plaintiffs' father. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $1,000. The court subsequently entered judgment for defendant non obstante veredicto. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*S. Y. Rossiter,* for appellants.—Both the occupants, being joint bailees, would be liable if this were an action by the owner of the car, and the principle is the same as to a person injured: Kelton v. Fifer, 26 Pa. Superior Ct. 605; Wollaston v. Park, 47 Pa. Superior Ct. 90.

*George M. Mason,* for appellees.—To entitle the plaintiff to a verdict against several defendants as joint trespassers, it must appear that they acted in concert: Wiest v. Traction Co., 200 Pa. 148; Howard v. Traction Co., 195 Pa. 391; Seib v. Central Pa. Traction Co., 47 Pa. Superior Ct. 228.

OPINION BY TREXLER, J., July 13, 1922:

Margaret Heintz, one of the defendants, in company with Kate Heintz, her mother-in-law, the other defend-

ant, drove out to Trinity Cemetery in Erie County. Their purpose in going there was to place flowers on the graves of persons in whom they were severally interested. Margaret Heintz was driving on one of the roads of the cemetery and turned into another road at right angles to the one she had been on. She was going at the rate of five to ten miles an hour. Immediately as she turned the corner, she ran into plaintiffs' decedent and inflicted injuries which resulted in his death. The only question before us is, was Kate Heintz liable for the negligence of Margaret Heintz. The defendants were using the auto together, each intent upon decorating the graves in which she was particularly interested. Who procured the auto and under what circumstances, if any, it was given to the defendants by the owner does not appear, nor did either party to the suit endeavor to elicit exact information as to this. The plaintiff bases his argument on the fact that neither defendant had superior rights in the machine but each had equal control. Of course the plaintiff must prove her case. On the face of things Margaret Heintz had control of the machine and it does not appear that Kate Heintz exercised any dominion or control over it. In order to hold her, there must be proof of coöperation: Boyd v. The Insurance Patrol of Philadelphia 113 Pa. 269; Sieb v. Central Pennsylvania Traction Co., 47 Pa. Superior Ct. 228; Bard and Wenrich v. Yohn, 26 Pa. 482. A mere common destination is not such proof. All persons occupying a vehicle destined for some point may be said to have a common purpose in view but they do not thereby become joint tort-feasors, if one of them is guilty of negligence. No one can be made to stand for the torts of another with whom he has had no connection and over whom he has no control. The wrong done was done by Margaret Heintz.

Nor can Kate Heintz be held liable for Margaret's tort on the authority of Renner v. Tone, 273 Pa. 10. It was there held that a guest failing to warn the driver that he

was on the wrong side of the road was liable for an injury resulting. There were no circumstances in this case comparable with those in the Renner case. There the guest had ample opportunity to warn the driver of the wrong he was doing but here the accident happened without warning and no interference by the guest was called for or could have prevented it. We cannot hold that it is the duty of the co-occupant of the car under such conditions to assume control of the machine and interfere with the operation of the car. The cases relating to master and servant have no application.

The judgment of the lower court is affirmed.