## Johnson v. Philadelphia & Reading Railway, Appellant.

*Negligence—Railroads—Automobiles — Collision at crossing — Contributory negligence—Case for jury—Passenger in car.*

1. In an action against a railroad company for injuries sustained by a collision between a train and an automobile at a grade crossing, the question of defendant's negligence is for the jury, where it appears that the automobile was stopped within ten feet of the crossing, that a passenger alighted, went forward and returned reporting that the track was clear, that the car then moved

slowly forward, that the speed of the train according to plaintiff's testimony was forty miles an hour, and that no signal was given of its approach.

2. While a passenger in an automobile is liable for his own negligence and that of the driver so far as he concurs therein, he cannot be charged with contributory negligence if it appears that he sat on the rear seat of the car, and that everything was properly done before the car reached a railroad crossing, and that there was nothing for him to say or do before the car was struck by a train.

*Negligence—Railroads—Automobiles—Crossings—Evidence.*

3. Where it is claimed by a railroad company that injuries resulting from a collision between a train and an automobile at a crossing were caused by the automobile running into the train, while the person injured claimed that the train ran into the automobile turning the car around, the testimony of a witness that some time after the accident he saw marks on the pavement apparently made by an automobile, is properly excluded where such evidence is offered in support of the defendant's theory of the accident, but there is no evidence to show that the marks were in fact made by the car in question.

4. In such case, marks on the tender, back of the engine, are not conclusive, that the first contact was there, in the light of the testimony of a trainman that he heard a scraping sound along the side of the train.

Argued April 22, 1925. Appeal, No. 235, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1922, No. 7962, on verdict for plaintiff, in case of Floyd Johnson v. Philadelphia & Reading Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Wm. Clarke Mason,* for appellant, cited: Chitwood v. Ry., 266 Pa. 435; Murray v. Frick, 277 Pa. 190; Dunlap v. Transit Co., 248 Pa. 130; Laudenberger v. Transit Co., 261 Pa. 288; Keller v. Director General, 269 Pa. 69; Martin v. R. R., 265 Pa. 282; Provost v. Director General, 265 Pa. 589; Luken v. R. R., 267 Pa. 315.

*William H. Wilson,* with him *Francis M. McAdams,* for appellee, cited: Nutt v. R. R., 281 Pa. 372; Ely v. R. R., 158 Pa. 233; Thomas v. R. R., 275 Pa. 579; Murray v. R. R., 281 Pa. 474.

OPINION BY MR. JUSTICE WALLING, May 11, 1925:

A branch of defendant's railway extending northerly through Germantown is crossed at grade, and approximately at right angles, by a public highway called School House Lane. On September 4, 1922, Floyd Johnson, the plaintiff, and five other young men while driving westerly over this grade crossing in a Ford touring car (herein called the car), collided with one of defendant's northbound passenger trains, by which the car was wrecked and plaintiff was injured. Thereupon he brought this suit and, from judgment entered on a verdict in plaintiff's favor, defendant has appealed.

William Morris was driving the car and the other occupants, including plaintiff, were his guests, and all were going to a ball game. The crossing was not protected by safety gates and the train approached it at the speed of about forty miles an hour without, according to the affirmative evidence of several witnesses, giving any warning by bell, whistle or otherwise. A watchman was stationed there but whether he was out on the crossing or gave any warning to Morris and his companions was a controverted question. The proof as to the lack of proper warning, although controverted, was such as to take the question of defendant's negligence to the jury.

The westbound traveler on this highway approached the tracks on a descending grade, and, by reason of high banks on both sides, no view could be had of an approaching train until either it or the traveler was very near the crossing. The testimony of the six occupants of the car is, that it was driven slowly down the hill and brought to a stop about ten feet before coming to the first or northbound track and that because of the banks a Mr. Fleming, who sat with the driver, left the car and walked out to the crossing where he looked in both directions and stated, in effect, that the track was clear, then regaining his seat the car moved slowly forward until near the track, when they saw the rapidly approaching engine about one hundred feet away, and the driver turned his car toward the north where it was struck by the overhang of the engine; that they had not sufficiently cleared the bank to get an earlier view of the on-coming train, but that, as soon as they saw it, at least two of the passengers exclaimed, "There is a train"; that the driver then knew of its approach and turned his car away, as above stated. In view of the verdict we must assume the truth of this testimony, although the watchman testified the car came down the hill at a speed of sixty miles an hour and, in spite of his calls and signals, crashed into the train. Viewed in the light of the evidence for plaintiff, the driver was free from fault, for he not only stopped but sent Flemming forward to ascertain if the tracks were clear, and he could properly rely on the latter's favorable report. From where it is claimed Fleming looked, an extended view of the track was possible; why he failed to see the train is not clear. Of course, moving forty miles an hour a train would cover a considerable distance in a short time.

The principle that a passenger is liable for his own negligence and also for that of the driver, so far as he concurs therein (Renner v. Tone, Receiver, 273 Pa. 10; Hill v. Phila. Rapid Transit Co., 271 Pa. 232; Martin v.

Penna. R. R. Co., 265 Pa. 282; Dunlop v. Phila. R. T. Co., 248 Pa. 130; Dean v. P. R. R. Co., 129 Pa. 514), is sound, but, under the evidence for plaintiff, which the jury accepted, is without avail. Plaintiff was in the rear seat and according to the evidence on his behalf, as above recited, everything was properly done and there was nothing for him to say or do, and the trial judge rightly so instructed the jury. See Nutt v. Penna. R. R., 281 Pa. 372; Ferrell v. Solski, 278 Pa. 565; Beck v. Director General of Railroads, 268 Pa. 571; Minnich v. Easton T. Co., 267 Pa. 200. It must be kept in mind that plaintiff could not see the approaching train as soon as those in the front seat. True, if as the watchman said, the car was driven recklessly down to the track without stopping, plaintiff should have protested, but the jury found the facts otherwise.

Marks were found on the tender back of the engine from which it is urged for defendant that the car ran into the train at that point, but as the collision turned the car around and as one of defendant's trainmen testified he heard a scraping noise alongside the train, it is quite possible the marks on the tender did not result from the first contact.

Defendant called a witness, who came on the scene an hour or more after the accident, and offered to prove by him that he saw marks on the pavement near the crossing where apparently the wheels of an automobile had slid as if set by a brake, from which it was sought to draw the conclusion that they were made by the Morris car. There was no offer of proof that the marks were not there before the accident or that they were not made by some other car after the accident. As this was a public street and there was nothing to connect the marks with the car in question the conclusion sought to be drawn was a mere guess (see Hoover v. Riechard, 63 Pa. Superior Ct. 517) and the offer was properly excluded.

The assignments of error are overruled and the judgment is affirmed.