## Shuey et al. *v.* Light et al., Appellants.

Argued October 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*C. D. Becker,* with him *Becker & Ehrgood,* for appellants.

*Christian R. Gingrich,* for appellee.

OPINION BY JAMES, J., December 15, 1944:
This is an appeal by defendants from the refusal to

grant a new trial, alleging that the trial court erred in excluding testimony offered by the appellants.

The action was instituted by Isaac Shuey, the owner and operator of one of the motor vehicles involved in a collision, and Margie Shuey, Jennie Dissinger and Samuel Dissinger, three passengers, against Robert B. and Howard Light, the owners of a laundry truck which was being driven by an employee, Walter Rauch, in the course of his employment. The testimony was contradictory, the plaintiffs testifying to the negligence of Rauch, while he blamed the collision on the negligence of Isaac Shuey. The jury concluded that both drivers were negligent, but one of the guests was awarded $2,003.68 in damages. This verdict, and the judgment subsequently entered, is the subject of this appeal.

Rauch testified for the appellant as follows: As he came over a hill, he saw Isaac Shuey about twenty feet away, driving with the left wheels a foot or two over the center line of a fifteen foot wide road. In order to get out of the way, Rauch swerved his wheels right ten inches "off the berm" for a distance of ten or fifteen feet while applying the brakes. The collision occurred as the Shuey car crossed the road and bumped into his. After the accident he saw on the berm the marks of his tires extending for about fifteen feet. On cross-examination he stated that he identified the tracks as his because "there were no others there at the time," and he knew that he had "pulled over and went on the berm." Appellant then proposed to prove by Rauch that the witness had pointed out the marks of his wheels to his employer, Mr. Light, who arrived at the scene about half an hour following the accident, after the rear end of the laundry truck had been moved, but while the marks were in the same condition, and before the location of the Shuey car had changed. Overruling the objection of the plaintiffs, the court permitted the witness to testify, but apparently counsel for the appellant did not pursue

their offer by asking Rauch whether the marks were pointed out to Light; instead he called Light to testify that Rauch "showed him the marks on the berm of the road, to which ...... Rauch testified ...... as being marks of his sedan just before the impact ...... which Rauch pointed out to him." Upon objection the court refused to admit the offer of testimony of this witness.

The first assignment of error relates to the refusal of the court to permit Rauch to testify that he pointed out to his employer, Light, the marks upon the road. Almost immediately afterwards the court reversed its decision upon receiving additional information concerning the position of the vehicles relative to the marks. Counsel for appellant did not pursue his examination and link the marks made by appellant's vehicle with the marks indicated to the appellant. Since the second assignment of error, involving the inadmissibility of the offered testimony of Light, admittedly hinges on the first, it too must fall. Nowhere does the record show any testimony by Rauch that those very marks which he asserts to have been made by the tires of his car were ever exhibited to Light. Consequently, any testimony by Light that he saw marks on the berm, in the absence of any further evidence connecting the marks with the laundry truck, would be incompetent. The lower court comprehended the barrier: "The proposed witness was unable to testify that the marks were the tire marks of the tires on defendants' vehicle from his own knowledge. He was not present when the marks were made. It was impossible for him to trace them from their inception on the berm to the place where defendants' truck came to a stop, for the reason that the vehicle had been moved, prior to this witness's arrival on the scene of the collision. The mere fact that there were tire marks on the berm of the highway in itself was not material evidence and the only way that the tire marks became material and relevant evidence

was when they were identified as being the tire marks of the defendants' vehicle. That the marks were the tire marks of defendants' vehicle could only be proved by this witness from what he was told with reference to them by the witness, Rauch. It was, therefore, clearly evidence based upon hearsay knowledge."

Similar offers were excluded in *Hoover v. Reichard*, 63 Pa. Superior Ct. 517, 520, and *Johnson v. Phila. & Reading Railway*, 283 Pa. 480, 484, 129 A. 569, where the court said: "There was no offer of proof that the marks were not there before the accident or that they were not made by some other car after the accident. As this was a public street and there was nothing to connect the marks with the car in question the conclusion sought to be drawn was a mere guess (see Hoover v. Reichard, 63 Pa. Superior Ct. 517) and the offer was properly excluded." See *Com. v. Reed*, 152 Pa. Superior Ct. 249, 252, 31 A. (2d) 595.

If Rauch had associated the marks which Light saw with the tires of the laundry truck, the latter's testimony would have been admissible as corroborative of the testimony of Rauch, but inasmuch as the record fails to show by Rauch that he had pointed out to Light the marks on the berm, Light's testimony was clearly inadmissible.

Judgment affirmed.