Nelson et vir, Appellants, *v.* Facciola.

Argued December 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before SWENEY, P. J.

*Jack Brian,* with him *Berman, Richard & Brian,* for appellants.

*John R. Graham,* for appellee.

OPINION BY ERVIN, J., March 21, 1962:

This was an action in trespass in which the wife-plaintiff, Marcella Nelson, and her husband, Carl V. Nelson, sued the defendant, Frank Facciolo, Trustee, to recover for injuries which she received when descending outside steps from her apartment in the defendant's building. The wife-plaintiff fell because the heel of her shoe became wedged in a one-eighth to one-quarter of an inch slot between the wooden stair treads of the steps. Each step in the stairway was constructed of two boards or treads laid side by side with a space between them one-eighth to one-quarter of an inch in width. The wife-plaintiff was wearing a pair of shoes with three-inch high steel spike heels which

measured one-eighth of an inch wide at the bottom. The steps were seven in number and had a metal railing along the outer edge of the steps, the inner edge being adjacent to the building. Over the door on the building side at the top of the steps there was an electric light with a 25 watt bulb, which was lit at the time. The accident occurred on February 19, 1959 at about 8:00 p.m., on a clear night.

The plaintiff in her testimony stated that she could see all the way down the seven steps and she admitted that she did not use the handrail. Her excuse for not using the handrail was that a bush planted beside the steps hung over the railing and prevented the use of the same. The steps had not changed in condition from when they were built down to the time of the accident. The plaintiff admitted that she used the steps several times a day and at night during the year prior to the accident and she also admitted that she was aware of the construction of the steps. She also admitted that she did not carefully feel each step as she walked down nor did she calculate where to put her heels with respect to the known crack. She also admitted that she was aware that her spike heels could catch in the crack. She stated that the light on the steps was dim but admitted that she did not need a flashlight. The plaintiff's Exhibit No. 1, a photograph which was taken on March 17, 1959, nearly a month after the accident, showing the condition of the steps, was admitted into evidence. This photograph was taken from such an angle that it cannot be determined whether or not the bush overhung the rail. Defendant's Exhibit "A" was a photograph showing the steps and it also was admitted into evidence. It was taken at a time when the bush was in the same condition as it was at the time of the accident. This photograph was taken from a position directly in front of the steps and does not show the bush overhanging the rail.

A verdict was rendered for the defendant and the wife and her husband filed separate appeals. The husband's appeal was subsequently discontinued.

The attorney for the appellant first complains as to the admission of the testimony of Virginia Weed because her first knowledge of the scene came to her about a month after the date of the accident. It is true that where the condition is not shown to be static, testimony as to physical condition is limited to what existed at or about the time of the accident: *Robinson v. Brown*, 195 Pa. Superior Ct. 384, 171 A. 2d 865. It is also true that where there is no change in the condition of the premises or the scene of the accident, evidence as to the condition of such place either before or after the event is relevant and admissible to show its condition at the time of such event: *Schaff v. Meltzer*, 382 Pa. 43, 114 A. 2d 167. It was admitted that the physical condition of the steps had not changed from the time of the original construction to the time of trial except that sometime after the accident the bush near the handrail had been pruned. In fact, plaintiff's own photograph, Exhibit No. 1, taken March 17, 1959, about a month after the accident, clearly shows that the bush was there just as it had been on February 19, 1959 when the accident occurred. Virginia Weed began using these steps in March before appellant's pictures were taken. The wife appellant testified that the steps had been in the same condition during the whole year that she lived in the apartment. She did not move out of the apartment until about a month after the accident. Counsel for the appellant himself said to the court: "The pre-trial statement says, sir, that stairway has been in the same condition ever since it was first constructed." The court answered: "That is right." It is, therefore, quite clear that there was no change in the physical condition of the steps or the bush between the time of the accident and the time when Virginia Weed first observed the condition.

The attorney for the appellant complains as to Virginia Weed's testimony as to the state of illumination about a month after the accident without any evidence to show that it was the same then as it was at the time of the accident. The only question which was asked in direct examination was: "Q. Were the lights on in the evening; could you see it when you went up and when you went down? A. Yes, that is right." No harm could come from this evidence because the wife-appellant had testified substantially the same. On cross-examination Virginia Weed was asked about a large bush, whether it was there when she moved in and whether it was there then. She was also asked: "Do you know what watt bulb was in the fixture over it?" She replied: "No, I know nothing about lighting—I am sorry." The attorney for appellant was the one who questioned the witness Weed on the lighting conditions and certainly may not complain about this testimony. Her testimony was substantially the same as that of the wife-appellant. Both said they could see to go up and down the steps. Therefore her testimony was harmless.

The attorney for the appellant next complains of the fact that the court refused to permit the husband-plaintiff to be called in rebuttal to show that the bush had been pruned sometime after the accident. This fact was clearly in evidence because of the photographs "B," "C" and "D" admitted on behalf of the defendant. The evidence was merely cumulative and therefore it was not error to refuse its admission: *Muntz v. Cottage Hill Land Co.*, 222 Pa. 621, 72 A. 247. The matter was within the discretion of the trial judge and will not be disturbed except for a gross abuse: *Farmers' Mutual Fire Ins. Co. v. Bair*, 87 Pa. 124.

Attorney for the appellant next complains of an incident referred to by the trial judge in his charge when he said his wife, who was wearing high heels, walked around a grate in the street in Philadelphia, and then

the court stated: "I indicate that to you as a normal, practical, sane way that women who wear this kind of shoe must act, if for no other reason than to protect others from injury if they do not act that way." We see nothing wrong in the court's expressing an opinion so long as the questions of negligence and contributory negligence are left to the jury: *Thomas v. Mills,* 388 Pa. 353, 130 A. 2d 489. A reading of the court's entire charge will reveal that the questions of negligence and contributory negligence were left to the jury.

We would like to add to what the court below said that when women wear shoes with heels such as were worn in this case, they should use extra precaution to protect themselves from injury. Certainly a reasonably prudent person, and we classify most women thus, would do so. It must be kept in mind that a heel three inches in height and only one-eighth of an inch wide at the bottom is likely to find many holes and cracks to slip into.[1] We encountered such a case in *Kerr v. Phila. Transportation Co.,* 187 Pa. Superior Ct. 512 (allocatur refused ibid xxviii), 144 A. 2d 584, where we held that a bus company was not negligent in permitting a passenger to alight at a point where there was a sewer inlet in the highway, which was a regular city standard inlet with the bars or grates one and three-eighths inches wide and one and one-half inches apart.

In the present case the accident would probably never have occurred if the wife-appellant had taken the precaution to place her heels upon the plank tread instead of in the slot between the two planks. She knew

---

[1] Mobile, Alabama, has passed an ordinance prohibiting wearing shoes with heels more than an inch and a half high and less than an inch in diameter. Women who wish to wear shoes with heels that exceed these limits must get a special permit and agree to assume all liability "for damages to themselves and to others caused by their falling on the public streets or sidewalks of the city of Mobile while wearing such shoes."

of the condition from long usage and it does seem to us that a reasonably prudent person would have taken such a precaution.

The attorney for the appellant also complains of the court's approval of appellee's sixth point for charge. Reading the court's charge as a whole in connection with this point, it is clear that all the court said to the jury was that he could not say as a matter of law that it was negligent to construct these steps as they were. He pointed out that the purpose of such construction was to permit drainage of water, ice and snow and that this was a common, acceptable method of constructing outside wooden steps, but he was very careful to leave to the jury the question of whether under all the circumstances here present the construction of these steps was negligent. At most, this was a jury question. In *MacDonald v. Phila. Rural Transit Co.*, 147 Pa. Superior Ct. 220, 225, 24 A. 2d 37, Judge RHODES, now President Judge, said: "What is a place of obvious danger is at times a question for the court, and at times, if from the facts various inferences are possible, for the jury. . . . But it must be such at least that a reasonably prudent person would believe that it contained manifest characteristics of potential harm under the circumstances." We believe that the court below could have declared as a matter of law that it was not negligent to construct these outside steps as they were constructed in this case. The only possible factual situation that might justify the submission of this case to the jury was the condition of the lighting. That question was fairly submitted to the jury and the jury found in favor of the defendant.

Attorney for the appellant also complains of the trial court's affirmance of defendant's 12th, 13th and 14th points for charge. All of these relate to the question of contributory negligence. It is unnecessary to refer to them in detail except to say that a reading of

the entire charge will reveal that the court in an extremely fair charge correctly submitted the question of contributory negligence to the jury.

Judgment for defendant affirmed.