J-A16029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MELISSA JONES, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF HAILIE HOLSING, A MINOR AND BRENNA MCGINLEY, A MINOR, AND BERNARD MCGINLEY, HER HUSBAND | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHELLE E. CORNA | |
| APPEAL OF: MELISSA JONES, AS PARENT AND NATURAL GUARDIAN OF HAILIE HOLSING, A MINOR | |
| Appellant | No. 1501 WDA 2013 |

Appeal from the Judgment Entered September 13, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 11-006907

BEFORE: DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED JANUARY 20, 2015**

Melissa Jones ("Mother"), individually and as parent and natural guardian of Hailie Holsing, a minor, ("Minor") (collectively "Plaintiff") appeals from the judgment of the Allegheny County Court of Common Pleas dated September 13, 2013, in favor of Jones and against Michelle E. Corna in the amount of $500.00. Mother, and her daughter, Minor, were in a vehicle that was struck by Corna. Plaintiff filed suit against Corna based on injuries sustained by Minor. On appeal, Plaintiff claims she was entitled to a new trial based on the following: (1) the jury returned a verdict awarding zero

dollars for damages that was against the weight of the evidence; (2) the jury returned a verdict that was not inconsistent or incomplete and the trial court improperly recharged the jury with instructions to award some dollar amount; (3) the jury returned a verdict awarding the nominal amount of $500.00 for damages, which was against the weight of the evidence; and (4) the court improperly precluded evidence relating to the timing of Corna's stipulation of liability and the fact that she ran a red light. **See** Plaintiff's Brief at vii. Based on the following, we vacate the judgment and remand for a new trial.

On March 30, 2012, Plaintiff filed a complaint against Corna for negligence stemming from an automobile accident, which took place on April 27, 2009 in Tarentum, Pennsylvania, in which Minor was a back-seat passenger in her mother's car.[1] Prior to opening statements, Corna admitted she entered an intersection, in which Mother had the right-of-way, colliding with Mother's car. Corna hit the car in a broadside T-bone collision on the side where Minor was sitting. Minor suffered injuries as a result of the accident, specifically a scar on her elbow. Corna also admitted that her actions were the legal cause of Minor's injuries. The case proceeded to a jury trial on the issues of damages.

_____

[1] Minor was nine-years-old at the time of the accident.

The evidence at trial revealed the following. Minor suffered bruising on her face and cheek, and a laceration on her left elbow. At the emergency room, hospital staff cleaned the cut on her elbow, and sutured the laceration with approximately 10 to 13 stitches. She did not have any broken bones. Minor subsequently went and saw a plastic surgeon, Dr. Joseph Falcon, M.D., who instructed Minor to put lotion and sunscreen on the scar, and massage it. Dr. Falcon did not recommend surgical intervention.[2] Minor also attended physical therapy three times a week for three weeks for stiffness in her arm. She missed school for a week and a half and did not engage in extracurricular activities, including soccer and gymnastics, for a little over a month.

After the close of evidence, the court instructed the jury, in pertinent part, as follows:

> It has already been determined that [Corna] was negligent in the operation of her motor vehicle. Also, it has already been determined that the negligence of [Corna] was the legal cause of the Plaintiff's injuries and harm.
>
> Your function, ladies and gentlemen, as a jury is to determine the nature and extent of the injury and harm suffered by the Plaintiff and assign a dollar value as to damages.

---

[2] Dr. Falcon testified: "So I told them this scar is widening, I wouldn't do anything surgical, I think to put a 9 year old through an operation to try to get a little bit better improvement of a scar doesn't make any sense at this point." Video Deposition of Joseph Falcon, M.D., 3/19/2013, at 17 (video played for jury during trial).

The Plaintiff must prove to you that [Corna's] conduct caused the Plaintiff damages. This is what is referred to as factual cause. The question is, was [Corna]'s negligent conduct a factual basis in bringing about Plaintiff's harm?

The conduct is a factual cause of harm when the harm would not have occurred absent the act, and as a factual cause and outcome if in the absence of the act the outcome would not have occurred.

The damages recoverable by the Plaintiff in this case are as follows: pain and suffering, present, past and future embarrassment and humiliation and loss of the pleasures of life and disfigurement.

If you find, ladies and gentlemen, in favor of the Plaintiff, you must add these sums of damages together and return a verdict in a single lump sum.

N.T., 3/25/2013-3/26/2013, at 156-157.

Neither Plaintiff's nor Corna's counsel objected to the verdict slip,

which read:

QUESTION NO. 1

State the total amount of damages, in one lump sum, sustained by [Minor] as a result of the accident for:

a. Past, present and future pain and suffering;

b. Past, present and future embarrassment and humiliation;

c. Past, present and future loss of enjoyment of life; and

d. Disfigurement.

TOTAL DAMAGES                    $ _____

Verdict Slip, 3/26/2013, at 1.

- 4 -

The jury awarded Plaintiff zero dollars in damages. The following discussion was then held at side bar.

> [Corna's counsel]: Pursuant to the discussion we had in chambers with the verdict being like it is, I submit that what needs to be done is that the jury needs to be charged at least to a limited extent to go back and bring back a verdict because they have to award at least a dollar.
>
> THE COURT: The reason for this, as we discussed in chambers, is because there's no dispute as to the scarring portion if nothing else. There is obviously no dispute on liability, but there's no dispute as to the scarring, the mere fact that this scarring was produced by a cut or something, whatever caused it, isn't [sic] enough to show some pain and suffering regardless, so you're --
>
> [Corna's counsel]: Request.
>
> THE COURT: -- request is we send them back.
>
> [Corna's counsel]: Yes, sir.
>
> [Plaintiff's counsel]: Judge, I don't believe the jury has a verdict. It is an inconsistent verdict. They either chose to ignore your instructions on it and did what they wanted to do, but by sending them back with an inconsistent verdict and recharging –
>
> THE COURT: That means I declare a mistrial.
>
> [Plaintiff's counsel]: -- is simply going to prejudice the Plaintiff. They will come back with a dollar because clearly that was their intent, not to follow the instructions, and I believe under the law sending them back can't cure the verdict once it is complete.
>
> They didn't have a question about it.
>
> [Corna's counsel]: I don't believe there is any case law to support that position. I think they have to go back.
>
> THE COURT: Again, I think that there is no -- I don't know of any case law, especially in this particular situation where there is a scarring, period.

> If this were a pain and suffering, I would go along with it. I would agree with the position because it can be declared a mere rub of life, I think they called it, but there is a scar. I mean, period.
>
> [Plaintiff's counsel]: I believe in this case Plaintiff is entitled to a new trial on damages.

N.T., 3/25/2013-3/26/2013, at 165-167. A discussion was held off the record between the parties and court.

> The court then recharged the jury as follows:
>
> Ladies and gentlemen, the Court and counsel have made a determination here that the verdict slip as you had filled it out is incomplete. Therefore, we are sending you back upstairs to deliberate further with a new verdict slip.[3]
>
> I remind you at this time part of my charge in this case was as follows: It has already been determined that [Corna] was negligent in the operation of her motor vehicle.
>
> Also, it has already been determined that the negligence of [Corna] was the legal cause of the Plaintiff's injuries and harm.
>
> Your function, ladies and gentlemen, as the jury is to determine the nature and extent of the injuries and harm suffered by the Plaintiff and assign a dollar value to this as damages.

*Id.* at 167-168. The jurors exited the courtroom to further deliberate, and subsequently returned a verdict of $500.00 in damages. *See* Verdict, 3/26/2013, at 1. Plaintiff's counsel objected again and requested a new trial. *Id.* at 169.

---

3 The new verdict slip was a replica of the first one in terms of the interrogatory's wording.

- 6 -

Plaintiff filed a timely motion for post-trial relief, which the court denied on August 27, 2013. On September 13, 2013, the court entered judgment in favor of Plaintiff and against Corna in the amount of $500.00. This appeal followed.[4]

Based on the nature of the claims, we will address the Plaintiff's first two issues together. In her first argument, Plaintiff contends she was entitled to a new trial because the original jury verdict in the amount of zero dollars was clearly against the weight of the evidence. Plaintiff's Brief at 7. Relying on **Burnhauser v. Bumberger**, 745 A.2d 1256 (Pa. Super. 2000), she states that where there was undisputed medical evidence establishing that Minor suffered injuries as a result of the accident, an award of zero damages cannot stand because the jury's verdict "bears no reasonable relation" to the injuries suffered by Minor. Plaintiff's Brief at 8. Therefore, Plaintiff argues the only remedy is to set aside the verdict and grant a new trial. *Id.* at 11.

In her second argument, Plaintiff claims she is entitled to a new trial on damages because the jury returned a verdict that was not inconsistent or incomplete, and the trial judge improperly recharged the jury with instructions to award some dollar amount. *Id.* at 12. Specifically, she notes

_____

[4] On September 17, 2013, the trial court ordered Plaintiff to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Plaintiff filed a concise statement on October 2, 2013. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 7, 2013.

there is a distinction between a verdict being against the weight of the evidence and one being inconsistent. ***Id.*** Plaintiff states that by ordering the jury to resume deliberations based upon a verdict that was against the weight of the evidence intrudes upon the province of the jury, whereas with an inconsistent verdict, certain circumstances may allow for a recharge and further deliberations. ***Id.*** at 12-13. Nevertheless, she argues that in the present matter, the verdict was not incomplete and inconsistent because the jury was only required to answer one simple question and it did so. Further, Plaintiff states, "Nothing about the jury's verdict was ambiguous, incomplete or inconsistent and the Trial Judge is simply not permitted to instruct the jury to 'try again.'" ***Id.*** at 14.

Corna, on the other hand, contends the trial court properly resumed jury deliberations to correct a zero damages award because the verdict evidenced a misunderstanding of the jury instructions, and the necessity to award some amount of damages. ***See*** Corna's Brief at 22. Therefore, Corna asserts it was an inconsistent verdict. Relying on ***Fillmore v. Hill***, 665 A.2d 514 (Pa. Super. 1995), Corna states a trial court may resume jury deliberations to remedy an inconsistency in the verdict. Moreover, she alleges the following:

> [T]he trial court did not invade the province of the jury in resuming deliberations. The trial court did not assert, suggest, or imply the manner in which the evidence should be weighed or the monetary damages that should be awarded. The trial court simply pointed out that the verdict was incomplete, then re-read the pertinent instructions requiring monetary damages.

*Id.* at 25-26.

In determining the verdict was inconsistent, the court found the proper remedy was to recharge the jury and direct them to re-deliberate. The court explained its rationale as follows:

> After the jury deliberated, it returned a verdict awarding zero damages. Since the award of zero damages was clearly against the weight of the evidence, this Court denied Plaintiff's motion for a mistrial and instead instructed the jury that its verdict slip was incomplete, and instructed them to return for further deliberations. When a jury reaches an ambiguous or improper verdict, one proper remedy is to permit them to correct the mistake or ambiguity. See Fillmore v. Hill, 665 A.2d 514 (Pa. Super. 1995). Therefore, the Court denied Plaintiff's motion because it first wanted to give the jury a chance to remedy its improper and inconsistent verdict. In advising the jury of its incomplete verdict, the Court explained and reiterated that it had already been determined that [Corna] was negligent, it had already determined that [Corna] was the legal cause of the Minor-Plaintiff's injuries, and that it was the jury's role to determine the nature and extent of the injuries and harm suffered by the Minor-Plaintiff and to assign a dollar value to the same. The jury then returned a verdict for $500.

Trial Court Opinion, 11/7/2013 at 1-2.

As demonstrated by the parties' arguments, and the court's finding, the central issue in this matter is whether the trial court's actions constituted a reweighing of the evidence or a correction of an inconsistent verdict. As will be discussed below, we are constrained to disagree with the court's findings because we conclude the court's actions amounted to a reweighing of the evidence, and that the verdict was not inconsistent.

A motion for a new trial on the ground that the verdict is against the weight of the evidence "is warranted . . . only in truly extraordinary circumstances, *i.e.*, when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Criswell v. King***, 834 A.2d 505, 512 (Pa. 2003) (quotation marks omitted). For example, a new trial is appropriately ordered where a plaintiff suffers injuries greater than a "transient rub of life" and the jury awards no damages. ***See Neison v. Hines***, 653 A.2d 634 (Pa. 1995). The Pennsylvania Supreme Court has recognized that "a claim challenging the weight of the evidence is not the type of claim that must be raised before the jury is discharged. Rather, it is a claim which, by definition, ripens only after the verdict, and it is properly preserved so long as it is raised in timely post-verdict motions." ***Criswell***, 834 A.2d at 512.

Whereas, a verdict may be inconsistent because the general verdict conflicts with special findings. ***See Brown v. Ambridge Yellow Cab Co.***, 97 A.2d 377, 382 (Pa. 1953). For example, in some situations, an award of damages for medical expenses may be inconsistent with an award of no damages for pain and suffering. ***See Davis v. Mullen***, 773 A.2d 764 (Pa. 2001). "[A]n inconsistent verdict provides grounds for objection and, if a party seeks relief upon grounds of verdict inconsistency, it must forward a

timely, contemporaneous objection upon the rendering of the verdict."

**Criswell**, 834 A.2d at 513.

Moreover, we are guided by the following:

[A] claim of verdict inconsistency is not the same complaint as a claim sounding in evidentiary weight. A verdict may be perfectly consistent and yet be a shock to the losing party, as well as a shock to the conscience of the jurist who oversaw the presentation of evidence. Verdict-related claims arising from perceived evidentiary weight cannot be addressed and averted by resubmission to the same jury. Since the complaint cannot be redressed by the jury, there is no reason … to require an objection before the jury is discharged. Nor should a party be forced to litigate a claim of verdict inconsistency when in fact its true complaint sounds in evidentiary weight.

**Id.**

In **Fillmore**, **supra**, which both the trial court and Corna rely on, the appellant was injured in a two-car automobile collision. The jury found that the appellee was negligent, and his negligence was a substantial factor in causing the appellant's harm. However, the jury also found that the appellant was contributorily negligent, and his negligence was a substantial factor in bringing about his own harm. The jury reflected its determination that both parties were each 50% negligent, and the appellant sustained injuries in the accident, but refused to award any damages to the appellant. On appeal, a panel of this Court determined that, contrary to the appellant's argument, the verdict was not inconsistent because

the jury could have made both the conclusions together without necessarily being inconsistent. Simply because the jury found each parties' negligence a substantial factor in causing [the appellant]'s injuries does not mean that the jury could not

- 11 -

simultaneously conclude that the compensable damages amounted to zero dollars. If the jury believed the evidence supported zero damages, then there is a reasonable theory to support this verdict.

*Fillmore*, 665 A.2d at 518. Furthermore, the panel held:

[T]he trial court judge did not have the option of sending the jury back to re-deliberate because there was no ambiguity or evidence of a misunderstanding. A judge is not at liberty to suggest that the weight of the evidence did not support a damage award. The trial court polled the jury, which confirmed the verdict. This confirmation clarified that the jury did in fact intend the conclusion it reached. Absent an inconsistent or ambiguous jury verdict, the trial judge was powerless to correct any other problems that might have existed.

*Id.* at 519.

Similarly, in *King v. Pulaski*, 710 A.2d 1200 (Pa. Super. 1998), the matter involved another automobile collision, where the defendant-driver hit another car, containing two plaintiffs. The defendant-driver previously admitted her negligence. Therefore, the court specifically instructed the jurors that they must find the defendant-driver negligent and that neither plaintiff could be found contributorily or comparatively negligent. *Id.* at 1202. Furthermore, the court instructed the jury must begin by considering whether the defendant driver's "negligent conduct was a substantial factor in bringing about the plaintiffs' claimed injuries. The jury was then instructed that, should it answer the causation inquiry in favor of the plaintiffs, it must then determine the proper measure of damages to compensate the individual plaintiffs." *Id.* After deliberating for several hours, "the jury sent a note to the court in which it asked, 'Can we find for the plaintiff without

- 12 -

giving any monetary award?'" *Id.* The judge, in turn, "asked the jury to clarify whether their question related to one or both plaintiffs." *Id.* The jury responded that their question referred only to the plaintiff-passenger. After discussing with counsel, the judge answered the jury's question in the negative. Soon thereafter, the jury returned its verdict. Despite the court's instructions, the jury found for the defendant with respect to the plaintiff-passenger's case, and found for the plaintiff-driver in her case, awarding compensatory damages in the amount of $600.00. The trial court denied the plaintiff's post-trial motion based on a claim that the verdict was against the weight of the evidence.

On appeal, this Court opined:

[A] verdict that is inconsistent because the jury received ambiguous or incorrect instructions may be corrected at the trial stage by explaining to the jury why their verdict is flawed and asking the jury to deliberate anew with reference to the correct legal principles.

In so doing, however, a court must ensure that it is not encouraging a substantive change in a verdict that was reached following a proper jury charge and, if applicable, the answering of properly worded special interrogatories.

As the *Fillmore* Court held:

Once a jury returns its verdict, a trial court judge has the ability to point out the problems and explain that the verdict is flawed because the jury must return a verdict which is both free from ambiguity and clearly understandable.

* * * By the same token, the trial court may not, in its additional instructions, "inject itself into the deliberation and encourage a basic change in the intended verdict of

- 13 -

the jury. **The court in sending the jury back to correct their findings should not suggest a substantive change in their findings.**"

*Fillmore*, 665 A.2d at 517 (*quoting Robinson v. Brown*, 195 Pa. Super. 384, 171 A.2d 865, 868 (Pa. Super. 1961) (emphasis added).

*Id.* at 1204 (emphasis in original).

With this standard in mind, the *King* Court held:

Th[e] verdict, while arguably inadequate, problematic, and disappointing to the plaintiff, nonetheless clearly and unambiguously reflected the jury's fact-finding and credibility determinations. There was no flaw in the verdict in the sense that the jury misunderstood the applicable law, received an ambiguous jury charge, or answered poorly worded interrogatories in a confusing manner.

Thus, any further instructions from the trial court, at the request of [plaintiff]'s counsel, would have been wholly improper in that the court would have suggested to the jurors that they make a substantive change in their findings. *See Fillmore*, *supra*. Such actions would have impermissibly encroached upon the jury's function. As we stated in *Fillmore*, "the trial judge did not have the option of sending the jury back to re-deliberate because there was no ambiguity or evidence of a misunderstanding. **A judge is not at liberty to suggest that the weight of the evidence did not support a damage award.**" 665 A.2d at 519 (emphasis added) (citation omitted).

*Id.* at 1204-1205 (emphasis in original).

With *Fillmore* and *King* in mind, we have reviewed the record in the present matter and, after careful consideration, we are compelled to conclude the court erred in its ruling. As stated *supra*, the jury heard two days of testimony concerning the accident and Minor's injuries, most importantly, a scar, that resulted from the collision. The trial court charged

the jury with the applicable law on damages.  The jury instructions, in *toto*, were clear and unambiguous.  The jury was given a general verdict slip, with one interrogatory, and it originally returned a verdict of zero dollars.

As such, we construe the original verdict was not incorrect based on the jury charge provided.   While the verdict was "arguably inadequate, problematic, and disappointing," it "clearly and unambiguously reflected the jury's fact-finding and credibility determinations."  **King**, 710 A.2d at 1204. Moreover, there was no evidence that "the jury misunderstood the applicable law, received an ambiguous jury charge, or answered poorly worded interrogatories in a confusing manner."  **Id.**  Rather, the verdict was against the weight of the evidence.  **See Neison**, 653 A.2d at 639 (where plaintiff suffered "injuries of the type that naturally and normally cause pain and suffering and, accordingly, the jury was not free to disregard them."); **see also Boggavarapu v. Ponist**, 542 A.2d 516, 518 (Pa. 1988) ("As a general proposition victims indeed must be compensated for all that they lose and all that they suffer from the tort of another.").

Furthermore, when the trial court realized the verdict was the against the weight of the evidence because Minor suffered a permanent scar from the accident, it acted improperly by telling the jury the verdict was "incomplete," and then re-charging the jury and asking them to re-deliberate.  **See Fillmore**, 665 A.2d at 519.  Indeed, it did not explain the error with respect to why the verdict was incomplete.  Moreover, the court

assumed the jury was erroneous in their finding of zero damages, thereby, injecting itself into the deliberation process. *Id.* at 517. The court overstepped its role by sending the jury back and suggesting they make a substantive change in the findings. *Id.* As this Court stated in *Fillmore*, and was reiterated in *King*, "A judge is not at liberty to suggest that the weight of the evidence did not support a damage award." *Id.* at 519. Accordingly, we vacate the judgment and remand the matter to the trial court for a new trial.[5]

Based on this determination, we need not address Plaintiff's third argument, that the second verdict of $500.00 was against the weight of the evidence. However, we will address Plaintiff's fourth issue on appeal since it will likely be revisited during retrial. In Plaintiff's final argument, she contends the court improperly excluded evidence relating to the timing of Corna's stipulation of liability and the fact that she ran a red light before

_____

[5] We acknowledge that in *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114 (Pa. 1974), the Pennsylvania Supreme Court stated:

> [A] timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors at trial advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error.

*Id.* at 116-117. Nevertheless, we find that based on the circumstances of the case, the court erred in encroaching on the jury's function. Therefore, a correction by the court at that time would have been impermissible.

striking Plaintiff's vehicle. Plaintiff's Brief at 19. She claims Corna "hotly contested liability over two (2) years and would have testified on the stand that she had a green light." *Id.* at 22. Plaintiff asserts she was prejudiced by the exclusion of this evidence. *Id.*

"Questions regarding the admission or exclusion of evidence are subject to an abuse of discretion standard of review." ***Braun v. Target Corp.***, 983 A.2d 752, 760 (Pa. Super. 2009), *appeal denied*, 987 A.2d 158 (Pa. 2009). Relevant evidence is evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401.

Here, the trial court found the following:

> Plaintiff … argues that the Court erred in precluding Plaintiff from presenting evidence that [Corna] caused the accident by running a red light. Plaintiff claims that she was unfairly prejudiced as a result by not being able to show the level of impact that resulted in Minor-Plaintiff's injuries. Here, neither negligence nor causation was contested. Therefore, it was made clear to the jury that [Corna] was responsible for Minor-Plaintiff's injuries. At trial, Plaintiff presented several witnesses to detail the extent and nature of Minor-Plaintiff's injuries and the impact that the injuries have had, and will continue to have, on Minor-Plaintiff's life. Again, [Corna] did not challenge causation. Therefore, although this Court permitted Plaintiff to introduce evidence related to the facts of what happened, the Court merely precluded Plaintiff from introducing the details surrounding what precipitated the accident (*i.e.*, running a red light) since it was irrelevant and would not make liability more or less probable.
>
> …

The last allegation is error that Plaintiff was unfairly prejudiced when the Court precluded her from presenting evidence that [Corna] admitted liability only two days before trial. The admission of this type of evidence is within the sound discretion of the Trial Court. While the Court recognizes that the timing of a [d]efendant's admission may be relevant and admissible for many reasons – depending on the type of case and/or the circumstances/facts of a particular case – the Court found that this particular case and this specific circumstance did not warrant the same to be admissible.

Trial Court Opinion, 11/7/2013, at 2-3. We agree with the trial court's findings, in light of the fact that evidence of causation, liability, and timing of liability were not at issue in the present matter and based on the circumstances of the case, were not relevant to the sole issue at trial, damages.[6] Therefore, we discern no abuse of discretion on the part of the trial court in precluding this evidence. Accordingly, Plaintiff's final argument is without merit.

Judgment vacated. Case remanded for a new trial. Jurisdiction relinquished.

---

[6] **Knowles v. Levan**, 15 A.3d 504, 507 (Pa. Super. 2011) ("where liability is admitted, the lone issue is damages, … there is no justification to admit into evidence any facts concerning the occurrence or causation of the accident as defendant's admission of liability renders all such evidence irrelevant."), *citing* **Warburton v. Eister**, 37 Pa. D&C 3d 385, 387 (Northumberland County 1985).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2015