J-S49033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EIANE TAHI MCCULLUM | : | |
| | : | |
| Appellant | : | No. 1608 MDA 2017 |

Appeal from the Judgment of Sentence August 4, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001078-2016

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 27, 2018**

Appellant Eiane Tahi McCullum appeals *pro se* from the judgment of sentence of life imprisonment entered in the Court of Common Pleas of Dauphin County on August 4, 2017, following his convictions of Murder of the Second Degree[1] and related offenses.  Upon our review, we affirm.

A detailed recitation of the facts and procedural history herein is not necessary for our disposition.  Notwithstanding, the trial court aptly set forth the procedural history and relevant facts underlying this appeal in its Opinion pursuant to Pa.R.A.P.1925(a) which we incorporate herein by reference.  ***See*** Trial Court Opinion, filed 1/30/18, at 1-9.

---

[1] 18 Pa.C.S.A. § 2502(b).

---

\*   Former Justice specially assigned to the Superior Court.

The trial court denied Appellant's post sentence motion on September 14, 2017, and Appellant filed a timely, counselled notice of appeal on October 16, 2017.[2]  In its Order entered on October 24, 2017, the trial court directed Appellant to file a concise statement of the matters complained of on appeal. On December 15, 2017, the trial court granted Appellant's motion for extension of time to file a 1925(b) statement and further indicated the concise statement would be due on or before January 15, 2018.   Appellant filed an untimely, counselled concise statement on January 16, 2018,[3] and the trial court filed its Rule 1925(a) Opinion on January 30, 2018, wherein it addressed the merits of the issues Appellant raised in his concise statement.

On February 5, 2018, Appellant submitted to the trial court his Application for *Grazier*[4] Hearing and Self Representation and for permission to file a supplemental Rule 1925(b) statement of matters complained of on appeal.  The trial court forwarded Appellant's *pro se* filing to trial counsel who filed a petition for a *Grazier* Hearing on behalf of Appellant on February 12, 2018.  On February 20, 2018, the trial court denied counsel's petition stating it lacked jurisdiction due to Appellant's pending direct appeal.

On March 5, 2018, counsel filed with this Court a Petition to Stay Appeal and Remand Matter to Trial Court for *Grazier* hearing.  In a *Per Curiam* Order

___

[2] October 14, 2017, fell on a Saturday.

[3] This error is not fatal to Appellant's appeal, **see** *infra*.

[4] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998) (requiring on-the-record inquiry to determine whether waiver of counsel is knowing, intelligent and voluntary).

entered on March 13, 2018, this Court, *inter alia*, directed the trial court to hold a hearing pursuant to **Grazier** within thirty days and to notify us, in writing and within the thirty-day period, of all actions taken. The trial court complied and on April 13, 2018, entered an Order in this Court permitting Appellant to proceed *pro se* and granting him thirty days from the receipt of documents from trial counsel to submit an amended concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant filed his "Supplemental and Amendment Statement of Matter Complained of Pursuant to Rule 1925(b)" on May 31, 2018. Therein, Appellant presented four allegations of prosecutorial misconduct during trial. On June 15, 2018, the trial court filed a Supplemental Opinion wherein it determined Appellant had waived his various challenges to statements made by the Prosecutor during opening statements and closing arguments regarding Appellant's credibility and guilt, the credibility of Commonwealth witnesses, and co-defendant's guilty pleas.

In his brief, Appellant sets forth the following Statement of Questions Presented:

> 1. Whether the prosecutor's remarks in summation indicated the opinion of guilt by the prosecuting attorney.
>
> 2. Whether the prosecutorial misconduct vouching for the credibility of the Commonwealth's witnesses denied Appellant a fair trial?
>
> 3. Whether the prosecutor committed prosecutorial misconduct when the prosecutor commented codefendant's guilty pleas?

4.     Whether the prosecutor expressed personal opinions about the guilt of [Appellant] and expressed personal opinion about [Appellant's] credibility?

Brief for Appellant at 3 (unnecessary capitalization omitted).

At the outset, we note that Appellant's status as a *pro se* litigant does not entitle him to any advantage, and a layperson choosing to represent himself in a legal proceeding to a reasonable extent assumes the risk that his lack of legal training will place him at a disadvantage. Thus, a *pro se* litigant must comply with the Pennsylvania Rules of Appellate Procedure. ***Commonwealth v. Ray***, 134 A.3d 1109, 1114–15 (Pa.Super. 2016).

Although filed untimely, Appellant's initial concise statement of matters complained of on appeal filed on January 16, 2018, presented challenges to the sufficiency and weight of the evidence, the admission and exclusion of certain of evidence, the trial court's instructions to the jury, and the trial court's denial of defense counsel's request to withdraw during the course of trial during trial. Appellant also challenged therein the trial court's imposition of a life sentence. Appellant did not raise any of the aforementioned claims in his "Supplemental and Amendment" concise statement filed on May 31, 2018.

It is axiomatic that in order to preserve a claim for appellate review, an appellant must comply whenever the trial court orders him or her to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925, and any issues not raised in a Rule 1925(b) statement will be deemed waived.

***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005)

*quoting **Commonwealth v. Lord***, 553 Pa. 415, 420, 719 A.2d 306, 309

(1998). As such, Appellant has waived these claims on appeal,[5] and we next

consider those he presented in his supplemental concise statement and in his

appellate brief.

Each of Appellant's challenges pertains to the prosecutor's remarks

during opening and closing argument. However, we have reviewed the

prosecutor's entire opening statement and closing argument and in doing so

discerned that Appellant failed to make a timely and specific objection to the

challenged statements either during or after the respective arguments. As

this Court recently reiterated:

> [I]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error, such as an erroneous jury instruction, will result in waiver of that issue. On appeal, the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected.... By specifically objecting to any obvious error, the trial court can quickly and easily correct the problem and prevent the need for a new trial. Additionally, the appellate court should not be required to waste judicial resources correcting a problem that the trial court could have easily corrected if it had been given the opportunity to avoid the necessity of granting a new trial.

---

[5] The trial court addressed these issues in its January 30, 2018, Opinion filed pursuant to Pa.R.A.P 1925(a) and concluded they were meritless. ***See*** Trial Court Opinion, filed 1/30/18, at 10-23. Were we to review these issues on appeal, we would find no error.

> *Fillmore v. Hill*, 445 Pa.Super. 324, 665 A.2d 514, 515–16 (1995), *appeal denied*, 544 Pa. 609, 674 A.2d 1073 (1996) (citations omitted); Pa.R.A.P. 302(a).

*Tong-Summerford v. Abington Mem'l Hosp.*, 2018 WL 2947918 at *9 (Pa. Super. filed June 13, 2018).  Therefore, we agree with the trial court that the assertions of error Appellant presents herein are waived.

Even if he had not waived these claims, these issues lack merit, for as the trial court stated: "all of the Prosecutor's comments were fairly within the parameters for opening statements and closing remarks."  Supplemental Opinion, filed 6/15/18, at 3.  The challenged remarks the prosecutor made during his opening statement pertained to anticipated testimony and merely informed the jury from whom it would hear during trial.  The excerpts of the prosecutor's closing argument involve his  suggesting that certain testimony and physical evidence should be credited and show Appellant's guilt.  Such arguments are proper. *See Commonwealth v. Bryant*, 620 Pa. 218, 237, 67 A.3d 716, 727–28 (2013) (citations omitted)("While it is improper for a prosecutor to offer any personal opinion as to guilt of the defendant or credibility of the witnesses, it is entirely proper for the prosecutor to summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the defendant's guilt.").  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/27/2018</u>