665 A.2d 514

**John W. FILLMORE, Appellant,**

**v.**

**Howard HILL, Appellee.**

Superior Court of Pennsylvania.

Argued June 22, 1995.

Filed: Sept. 29, 1995.

Marvin J. Rudnitsky, Selinsgrove, for appellant.

Joey A. Storaska, Sunbury, for appellee.

Before ROWLEY, President Judge and BECK and KELLY, JJ.

KELLY, Judge.

In this opinion, we are called on to determine whether a trial court may properly deem waived an issue relating to a jury's problematic, but not inconsistent, verdict because a party failed to object to the verdict prior to the jury's dismissal by the trial court judge. We hold that under such circumstances, a party's failure to object prior to the jury's dismissal does not result in the issue's waiver. Accordingly, for the following reasons, we reverse the order of the trial court and remand for proceedings not inconsistent with this opinion.

This appeal involves a challenge to the trial court's denial of appellant's, John W. Fillmore's ("Fillmore"), motion for a new trial based on the fact that Fillmore waived the issue contained therein by failing to object to the jury verdict prior to the jury's dismissal. The relevant facts and procedural history are as follows. On September 21, 1991, Fillmore and appellee, Howard Hill ("Hill"), were involved in an automobile accident. After coming to an abrupt stop in order to avoid hitting a car in front of him, Fillmore was struck from behind by Hill, who was travelling behind him. (N.T. 10/10/94 at 2). Fillmore subsequently filed a complaint in negligence against Hill, alleging Hill's negligence to be the cause of his injuries.

During a three day trial, Fillmore's expert witness testified that Fillmore suffered various personal injuries, including a disc herniation in the lumbar area. The expert also testified that to a degree of medical certainty, the car accident caused these injuries. (N.T. at 62). Fillmore claimed that, as a result of the accident, he has become permanently disabled,

incurred a loss of income and will endure significant pain and suffering in the future. Additionally, Hill's expert testified that even though Fillmore had previous lower back complaints, Fillmore's lower back problems were reasonably related to the accident. (N.T. at 77).

At the close of the case, the jury returned the following verdict. The first interrogatory, which asked whether Howard Hill was negligent, was answered "Yes". The second interrogatory, which read: "Was Howard Hill's negligence a substantial factor in bringing about John Fillmore's harm?" was answered "Yes". However, the jury also found that Fillmore was contributorily negligent, and that his contributory negligence was a substantial factor in bringing about his harm. The jury then attributed fifty percent of the causal negligence to each party. Lastly, the jury found that the total compensable damages sustained by Fillmore from the accident was zero. (Verdict Slip, 5/19/94.)

When the foreperson read the verdict, the trial judge noticed that one of the jurors seemed uncomfortable and he suggested that the jury be polled. Fillmore's counsel made a formal request and the jury was polled. The jury confirmed the verdict and was then dismissed. Fillmore's counsel did not object to the jury's verdict. (N.T. 10/10/94 at 4).

Fillmore filed a motion for post-trial relief on May 26, 1994 in which he sought a new trial on the basis that the jury's damages award of zero was against the weight of the evidence. In an opinion filed October 10, 1994, the trial court denied relief, concluding that Fillmore waived his right to a new trial by not objecting to the verdict before the jury was dismissed. This timely appeal followed.

Fillmore raises the following issues for our review:

A. THE APPELLANT DID NOT WAIVE HIS RIGHT TO OBJECT TO THE JURY'S VERDICT AWARDING ZERO DOLLARS IN DAMAGES.

B. A NEW TRIAL SHOULD BE GRANTED BECAUSE THE JURY'S AWARD OF ZERO DOLLARS IN DAMAGES IS AGAINST THE WEIGHT OF THE

EVIDENCE AND AGAINST THE LAW OF COM-
PARATIVE NEGLIGENCE.

Appellant's Brief at 8 and 17.

Fillmore alleges that he did not waive his right to object to the jury's verdict concerning its award of zero dollars in damages. Specifically, he argues that the cases relied upon by the trial court to support waiver are not controlling because they are significantly distinguishable from the instant case. Fillmore therefore contends that he properly raised the verdict issue through a post-trial motion and concludes that the trial court erred in declaring this issue waived. We agree with Fillmore that the waiver rule is not applicable to the instant case, and reverse for proceedings consistent with this opinion.

Initially, we note that in order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. *Boyle v. Steiman*, 429 Pa.Super. 1, 10, 631 A.2d 1025, 1030 (1993), *alloc. denied*, 538 Pa. 663, 649 A.2d 666 (1994). Failure to timely object to a basic and fundamental error, such as an erroneous jury instruction, will result in waiver of that issue. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 258, 322 A.2d 114, 116 (1974). On appeal, the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. *Noecker v. Johns–Manville Corp.*, 355 Pa.Super. 463, 471, 513 A.2d 1014, 1018 (1986). The principle rationale underlying the waiver rule is that when an error is pointed out to the trial court, the court then has an opportunity to correct the error. *Dilliplaine v. Lehigh Valley Trust Company, supra*, 457 Pa. at 258, 322 A.2d at 116; *see also Takes v. Metropolitan Edison Co.*, 440 Pa.Super. 101, 106, 655 A.2d 138, 141 (1995) (*en banc* ) (*Dilliplaine* waiver rule inspired in part by effort to motivate trial counsel to be diligent and assist court in preventing error at trial stage where it could be corrected). By specifically objecting to any obvious error, the trial court can quickly and easily correct the problem and prevent the need for a new

trial. *Id.* 457 Pa. at 258, 322 A.2d at 116. Additionally, the appellate court should not be required to waste judicial resources correcting a problem that the trial court could have easily corrected if it had been given the opportunity to avoid the necessity of granting a new trial. *Id.* at 259, 322 A.2d at 117.

Recently, Pennsylvania courts have extended this waiver rule to include cases involving inconsistent verdicts. In *City of Philadelphia v. Gray*, 534 Pa. 467, 633 A.2d 1090 (1993), the appellant failed to object during trial to inconsistent answers to interrogatories in the verdict. The case involved two defendants, SEPTA and the City of Philadelphia. The jury returned the following verdict. The first interrogatory asked: "Do you find that the defendant, SEPTA driver, was negligent in the operation of his vehicle?" and the jury answered: "Yes." *Id.* at 471, 633 A.2d at 1094. The question also asked if the "SEPTA driver's negligence was a substantial factor in the plaintiff's accident and her injuries resulting from that accident?" The jury answered "No" to this question. The second question asked about the City of Philadelphia. The jury answered "Yes" the City was negligent and that its negligence was a substantial factor in bringing about the plaintiff's injuries.

However, when asked to divide the causal negligence between the two defendants, the jury assigned 25% to SEPTA's negligence and 75% to the City's negligence. *Id.* at 471, 633 A.2d at 1094. The jury then determined the damages sustained by plaintiff to be $20,000 for injuries and $18,000 for pain and suffering. Neither party objected to the verdict or requested that the jury be polled. *Id.* On appeal, our Supreme Court, applying the *Dilliplaine* waiver rule and its rationale, deemed any claim arising from this inconsistency to have been waived. *City of Philadelphia v. Gray, supra*, 534 Pa. at 477–78, 633 A.2d at 1095.

Shortly thereafter, this Court, in a plurality opinion addressing the issue of waiver, decided *Curran v. Greate Bay Hotel and Casino*, 434 Pa.Super. 368, 643 A.2d 687 (1994) (*en banc*), *alloc. denied*, 539 Pa. 678, 652 A.2d 1323 (1994). The

court required an appellant to specifically object during trial to an inconsistent verdict or suffer the consequence of waiver. *Id.*, 434 Pa.Super. at 376, 643 A.2d at 691. That case also involved a similar inconsistency between two defendants: Sands Hotel and Eastern Engineering. Interrogatories one and two asked about the first defendant. Regarding the first and second interrogatories, the jury concluded: "Sands was negligent, but that the negligence of Sands was not a substantial factor in causing harm to plaintiff." To the third and fourth interrogatories, the jury concluded that Eastern was negligent and its negligence was a substantial factor in causing harm to the plaintiff. However, the jury attributed thirty percent of the casual negligence to Sands and seventy percent to Eastern. *See Curran v. Greate Bay Hotel and Casino,* *supra* at 372, 643 A.2d at 688. Recognizing that the waiver rule would not apply in the absence of an inconsistent verdict, the plurality stated:

> "It is well established law in Pennsylvania that there is a presumption of consistency with respect to a jury's findings which can only be defeated when there is no reasonable theory to support the jury's verdict." *Giovanetti v. Johns–Manville Corp.,* 372 Pa.Super. 431, 440, 539 A.2d 871, 875 (1988).

*Id.* at 372, 643 A.2d at 688. However, the Court determined that the jury's responses to the interrogatories could not be reconciled and thus concluded that because appellant failed to timely lodge an objection, the waiver rule applied. *Id.* at 374, 643 A.2d at 689.

Several months later, in *Picca v. Kriner,* 435 Pa.Super. 297, 645 A.2d 868 (1994), *alloc. denied,* 539 Pa. 653, 651 A.2d 540 (1994), this Court again applied the waiver rule when a party failed to object to a jury verdict. In *Picca v. Kriner, supra,* the defendant admitted that he caused at least some of the plaintiff's injuries, but in response to an interrogatory which asked if defendant's negligence was a substantial factor in bringing about the harm to the plaintiff, the jury answered: "No". *Id.* at 300, 645 A.2d at 870. The jury was never asked exactly what percent of the injury was attributed to the

defendant. This Court observed that because the defendant admitted that he caused at least some of the plaintiff's injuries, it would be incredible for the jury to find that he caused none of the injuries and thus the grant of a new trial would be warranted. *Id.* However, the appellant did not timely object. Thus, the panel concluded that the appellant's failure to object prior to the dismissal of the jury constituted waiver. *Id.* at 302, 645 A.2d at 871. The panel went on to explain that the trial court, by simply explaining to the jury why a decision is problematic, can allow a jury to re-deliberate in order to return an error-free verdict. *Id.* The panel further noted that this guidance would not be considered an invasion of the province of the jury but merely a request that the jury reconsider their decision in light of these additional instructions. *Id.*

Once a jury returns its verdict, a trial court judge has the ability to point out the problems and explain that the verdict is flawed because the jury must return a verdict which is both free from ambiguity and clearly understandable. *Palmer v. Foss Motors, Inc.,* 458 Pa. 535, 327 A.2d 80 (1974).

> When a jury reaches an ambiguous or improper verdict, one proper remedy is to permit them to correct the mistake or ambiguity, *Ason v. Leonhart,* 402 Pa. 312, 165 A.2d 625 (1960); *Anstine v. Pennsylvania Railroad Co.,* 342 Pa. 423, 20 A.2d 774 (1941). *Pniewski v. Kunda,* 237 Pa.Superior Ct. 438, 352 A.2d 462 (1975).

*Goertel v. Muth,* 331 Pa.Super. 179, 185, 480 A.2d 303, 306 (1984). By the same token, the trial court may not, in its additional instructions, "inject[ ] itself into the deliberation and encourage a basic change in the intended verdict of the jury. The court in sending the jury back to correct their findings should not suggest a substantive change in their findings." *Robinson v. Brown,* 195 Pa.Super. 384, 388, 171 A.2d 865, 868 (1961). The court "must not throw the weight of [its] influence into the deliberation of the jury as to matters exclusively within their province." *Id.* (citing 53 American Jurisprudence, "Trial" § 1099).

Instantly, the trial court cited *Dilliplaine v. Lehigh Valley Trust Company, supra,* and certain of its progeny, *City of Philadelphia v. Gray, supra; Curran v. Greate Bay Hotel and Casino, supra;* [1] *Picca v. Kriner, supra,* as controlling and dispositive of the instant case. In the above-mentioned cases, the appellants waived their right to request a new trial by failing to object to an inconsistent verdict during the trial. *City of Philadelphia v. Gray, supra* 534 Pa. at 477–78, 633 A.2d at 1095 (failure to object to *obviously* inconsistent verdict will waive right to request new trial in post-trial motions); *Curran v. Greate Bay Hotel and Casino, supra* 434 Pa.Super. at 376, 643 A.2d at 690 (same).

■ Here, after weighing both the credibility of the parties' testimony, along with the conflicting medical expert testimony, the jury found that each party contributed to Fillmore's injuries by fifty percent, but concluded that Fillmore suffered a zero dollar amount in damages as a result of the accident. (Trial Court Opinion, 10/18/94 at 1). By very definition, this verdict is not inconsistent. *See Curran v. Greate Hotel and Casino, supra* at 372, 643 A.2d at 688. The jury could have made both the conclusions together without necessarily being inconsistent. Simply because the jury found each parties' negligence a substantial factor in causing Fillmore's injuries does not mean that the jury could not simultaneously conclude that the compensable damages amounted to zero dollars. If the jury believed the evidence supported zero damages, then there is a reasonable theory to support this verdict. *See e.g. Gallagher v. Marguglio,* 429 Pa.Super. 451, 632 A.2d 1309 (1993), *alloc. denied,* 538 Pa. 612, 645 A.2d 1316 (1994) (new trial not granted when jury found defendant's negligence a substantial factor in bringing about plaintiff's injuries but concluded damages were valued at zero dollars); *Holland v. Zelnick,* 329 Pa.Super. 469, 478 A.2d 885 (1984) (jury not required to award any amount of damages where it obviously

1. We note *Curran v. Greate Bay Hotel and Casino, supra* does not represent controlling precedent on the issue of waiver because only four judges found waiver in that case. The fifth judge concurred in the result only and not on the issue of waiver. *See McDermott v. Biddle,* 436 Pa.Super. 94, 115 n. 8, 647 A.2d 514, 524 n. 8 (1994).

believed any injury suffered was insignificant). Therefore, the jury's findings are not inconsistent. Accordingly, the cases relied upon by the trial court to support its conclusion of waiver are inapplicable and thus not controlling. *See Curran v. Greate Hotel and Casino, supra,* 434 Pa.Super. at 372, 643 A.2d at 688.

Additionally, the instant case is further distinguishable from *Picca v. Kriner, supra.* In that case, the verdict, on its face, was inconsistent. The jury found that the defendant's negligence was not a substantial factor in bringing about the plaintiff's harm, even though the defendant admitted that he caused at least some of the plaintiff's injuries. *Picca v. Kriner, supra,* 435 Pa.Super. at 300, 645 A.2d at 870. The jury could have found that the defendant caused *no* injury at all (which would have been incredible) or they could have found that the defendant caused such as small amount of injury that it could not qualify as "substantial," which would be entirely reasonable. *Id.* The appellant, Picca, could then have objected to the verdict in order to clarify exactly what the jury found. If the jury found that the appellee, Kriner, caused an insubstantial amount of injury, then the trial court judge could have then instructed the jury to state exactly how much injury the appellee caused, which would have enabled the jury to correct the ambiguous verdict, and obviate the need for a new trial. *See Goertel v. Muth, supra.* This simple guidance would not have invaded the province of the jury because it would have only pointed out a flaw in the verdict and would not have suggested a substantive change.

Instead, in *Picca v. Kriner, supra,* the appellant waited until after the trial court dismissed the jury to raise an objection. Because the trial court could no longer re-instruct the jury in order to clarify the verdict, a new trial would be required. The right to ask for a new trial was thus waived because the appellant failed to timely object when the problem could have easily been corrected. *Id.* at 301, 645 A.2d at 871 (citing *Dilliplaine v. Lehigh Valley Trust Co., supra* ). *See also Holliday v. Page,* 440 Pa.Super. 490, 656 A.2d 136 (1995)

(failure to object to ambiguous or flawed jury verdict prior to jury's dismissal results in waiver of claim on appeal).

Here, however, Fillmore had no reason to object to the verdict before the jury was dismissed. Objecting during trial to the verdict would not have prevented the need for a new trial. Most recently, this Court in *Henery v. Shadle*, 443 Pa.Super. 331, 661 A.2d 439 (1995), this Court rejected application of waiver under *Picca v. Kriner, supra* in a similar case.

In *Henery v. Shadle, supra*, an action brought by a husband and wife for damages for personal injuries arising out of a motor vehicle accident, the jury found that the appellee, Schadle, was negligent, but that her negligence was not a substantial factor in the injuries suffered by appellant, Charles Henery. The jury thus awarded zero damages. Appellant subsequently moved for a new trial, asserting, *inter alia*, that the jury's verdict of zero damages was against the weight of the evidence, which was denied. On appeal, appellee argued that under *Picca v. Kriner, supra*, appellants waived their right to object to the jury verdict because they failed to lodge an objection prior to the dismissal of the jury. This Court rejected application of the waiver rule under *Picca v. Kriner* because the verdict in that case revealed that the jury misinterpreted overly broad language contained in a specific interrogatory. In *Henery v. Shadle, supra*, however, the trial court issued a clear, concise jury charge, and even polled the jury on its "zero" damages verdict. Thus, this Court concluded that "[i]t would, therefore, have been specious for appellants to have pointed out any inconsistency, irrationality, or problem with the verdict." At 336, 661 A.2d at 441. This Court went on to suggest, and we believe properly so, that the waiver rule as applied by *Picca v. Kriner, supra* "is more prudently restricted to verdicts of *obvious inconsistency* and *clear, certain irrationality.*" *Id.* at 336, 661 A.2d at 442 (emphasis provided).

Here, the trial court judge did not have the option of sending the jury back to re-deliberate because there was no

ambiguity or evidence of a misunderstanding. *See Robinson v. Brown, supra,* 195 Pa.Super. at 384, 171 A.2d at 865. A judge is not at liberty to suggest that the weight of the evidence did not support a damage award. *See Robinson v. Brown, supra.* The trial court polled the jury, which confirmed the verdict. (N.T. 10/10/95 at 4). This confirmation clarified that the jury did in fact intend the conclusion it reached. Absent an inconsistent or ambiguous jury verdict, the trial judge was powerless to correct any other problems that might have existed. *See Goertel v. Muth, supra.* Objecting to the verdict would not prevent the possibility of requiring a new trial. Thus, Fillmore timely preserved the issue through post-trial motions, which was the first opportunity he had to ask the trial court to correct the problem. Therefore, we hold that the waiver rule in the instant case is not warranted by the facts.[2]

■  Appellant's second issue asserts that the jury's verdict was against the weight of the evidence. Specifically, he contends that the jury's zero damages award was not reasonably related to his proven damages. Thus, appellant concludes that a new trial is warranted. We agree.

> A jury verdict is set aside as inadequate when it appears to have been the product of passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff.

*Kiser v. Schulte,* 538 Pa. 219, 225, 648 A.2d 1, 4 (1994). A new trial is required when the jury's verdict is so contrary to the evidence so as to "shock one's sense of justice." *Id.*

**2.** The instant case is additionally distinguishable from the cases on waiver relied upon by the trial court because this issue involves the *amount* of damages. In the three cases regarding waiver and a jury verdict, the problem existed in the answer regarding the apportionment of liability and not the award of damages. *City of Philadelphia v. Gray, supra; Curran v. Greate Bay Hotel and Casino, supra; Picca v. Kriner, supra.* Appellant does not allege that he deserves a new trial because of the jury's answers to the interrogatories concerning the apportionment of liability. He only questions the weight of the evidence regarding the damages. Thus, this additional distinguishing factor provides further support for our conclusion that the cases which the trial court used to establish waiver are not dispositive of the instant appeal.

■ Instantly, both appellant's and appellee's medical experts agreed that appellant's lower back injury was reasonably related to the accident. Notwithstanding this uncontradicted evidence of damages, the jury awarded appellant a zero damages amount. Thus, because it is clear that the amount of the verdict bears no reasonable relation to the loss suffered by appellant, a new trial must be granted. *See Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995) (where evidence of pain and suffering is uncontradicted, jury award of zero damages bears no reasonable relation to evidence at trial, thus warranting new trial); *see also Bortner v. Gladfelter,* 302 Pa.Super. 492, 448 A.2d 1386 (1982) (where fifty percent causal negligence is attributable to defendant and zero damages are awarded for plaintiff, trial court's denial of new trial constitutes abuse of discretion).

Based upon the foregoing analysis, we conclude that the waiver rule is not applicable in the instant case. Additionally, because the jury's verdict as to damages was against the weight of the evidence, we reverse and remand to the trial court for a new trial.

Order reversed. Case remanded. Jurisdiction is relinquished.