J-S10015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF:  X.L., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  C.L., FATHER | No. 2009 EDA 2014 |

Appeal from the Order June 12, 2014
in the Court of Common Pleas of Wayne County
Domestic Relations at No.: CP-64-DP-37-2013

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 13, 2015**

C.L. (Father), appeals from the order of the Court of Common Pleas of Wayne County, entered on June 12, 2014,[1] by which the trial court found that aggravated circumstances existed against Father in the case of his son, X.L. (Child), born in December of 2013.[2]  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The aggravated circumstances order is dated June 6, 2014, is docketed as being filed on June 12, 2014, and bears a date stamp from the Prothonotary's office of June 13, 2014.  We will use the June 12, 2014 date when referencing the order.

[2] We note that "[a]ll orders dealing with custody or visitation, with the exception of enforcement or contempt proceedings, are final when entered." ***In re H.S.W.C.-B.***, 836 A.2d 908, 911 (Pa. 2003) (citing Pa.R.C.P. 1915.10).

Wayne County Children and Youth Services (CYS) took custody of Child within days after he was born on December 16, 2013. On December 19, 2013, CYS filed a shelter care application in which it alleged that Child was without proper parental care and control due to Mother's drug use and mental health issues, and Father's threats of violence against caseworkers. (**See** Shelter Care Application, 12/19/13, at 3).

The trial court granted the shelter care application on December 23, 2013, based on the testimony of CYS staff and with the agreement of Mother and Father. (**See** N.T. Hearing, 12/20/13, at 11; **see also** Shelter Care Order, 12/23/13, at 1-2). Thereafter, the trial court found Child dependent at an adjudicatory hearing held on January 16, 2014. (**See** N.T. Hearing, 1/16/14, at 14-15; **see also** Dependency Order, 1/17/14).

CYS filed a permanency petition on March 14, 2014. The trial court held a hearing on that petition on March 24, 2014. At that hearing, CYS casework supervisor, Sarah Nahman,[3] testified that "aggravated circumstances [were not] being alleged to exist . . . . at [that] time[,]" but that "we did just realize they do exist and we'll be doing the paperwork to allege them." (N.T. Hearing, 3/24/14, at 8).

_____

[3] "Nahman" is spelled both, "Nohman" and "Nahman" in the notes of testimony. (**See** N.T. Hearing, 3/24/14, at 2; N.T. Hearing, 6/06/14, at 28). For the sake of consistency, we will spell it "Nahman."

Licensed psychologist, Judith Munoz, evaluated Father on February 10, 2014 and February 17, 2014, as part of CYS' permanency plan. Ms. Munoz related that Father was very cooperative and open about his criminal history and drug use. She stated, "he was not holding back anything." (*Id.* at 18). Ms. Munoz related that Father disclosed his background at the first meeting of February 10, 2014, but that she could not recall if CYS had given her written documentation of the criminal charges before or after this first meeting. (*See id.* at 21). At the close of the hearing on March 24, 2014, the trial court, with the agreement of all parties, adopted CYS' recommendations that contemplated the reunification of the family. (*See id.* at 42-45).

CYS filed a Petition for Permanency on April 1, 2014, alleging the following aggravated circumstances for the first time:

> The petitioner alleges the existence of aggravated circumstances, to wit: The parent of [C]hild has been convicted of the following offense(s), or attempt, solicitation or conspiracy to commit the following offense(s), where the victim was a child: a felony under 18 Pa.C.S.[A.] §[§] 2702 (relating to aggravated assault[)], 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault)[,] or 1325 (relating to aggravated indecent assault), to wit: 18 § 3122.1 Statutory Sexual Assault.

(Petition for Permanency Hearing, 4/01/14, at 2).

At the permanency hearing held on June 6, 2014, CYS caseworker, Roslyn Burke, testified that Father had pled guilty to statutory sexual assault in February of 2004. (*See* N.T. Hearing, 6/06/14, at 19). According to Ms.

Burke, CYS did not learn that aggravated circumstances "officially existed" until March 21, 2014. (*Id.*). On cross-examination, Father's counsel elicited from Ms. Burke the fact that CYS had sent a letter regarding Father's criminal history to Ms. Munoz:

> Question: You said you became aware when [Father] told Sarah Nahman about his conviction?
>
> Answer: That is correct.
>
> Question: Are you aware of a letter that [CYS] wrote to Judy Munoz outlining [Father's] criminal history?
>
> Answer: That is correct.
>
> Question: Are you aware that Sarah Nahman authored that letter?
>
> Answer: Sarah Nahman, I believe, signed off on that letter, however it was composed by past caseworker, Brit Ackerman.

(*Id.* at 28). Father's guilty plea and sentence were admitted into evidence without objection, the trial court found that aggravated circumstances existed, and the hearing was adjourned. (*See id.* at 47, 51).

The trial court entered its order finding aggravated circumstances against Father on June 12, 2014. (*See* Permanency Review Order, 6/12/14, at 2; Aggravated Circumstances Order, 6/12/14, at 1). Father filed his notice of appeal and statement of errors complained of on appeal on June 24, 2014. *See* Pa.R.A.P. 1925(a)(2)(i). The trial court filed an opinion on September 18, 2014. *See* Pa.R.A.P. 1925(a)(1).

Father raises the following questions for our review:

1. Did Father preserve the issues presently on appeal contrary to the trial court's conclusion that they have been waived pursuant to Pa.R.A.P. 302[4]?

2. Did the trial court err and abuse its discretion in finding or concluding that aggravated circumstances existed as against Father in violation of 42 Pa.C.S.A. section 6334(b)(1)(ii) & (2) where CYS failed to act as soon as possible after its representatives reasonably believed that such circumstances existed and failed to make such allegations within twenty-one (21) days after determining that such circumstances existed?

(Father's Brief, at 5).

Our Supreme Court set forth our standard of review for dependency cases as follows.

. . . [T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010) (citation omitted).

Father first complains that the trial court erred by finding that his challenge to the timeliness of CYS' aggravated circumstances determination is waived. (*See* Father's Brief, at 12-15). Specifically, the trial court found:

A review of the transcript of the June 6, 2014 hearing shows that Appellant made no objections on the record. In fact, [Father's] counsel explicitly stated that he wanted the [c]ourt to

_____

[4] Pennsylvania Rule of Appellate Procedure 302 provides, in pertinent part: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

adopt the recommendation of [CYS]; the recommendation of [CYS] included the finding of aggravated circumstances. Appellant's counsel raised no objection to the fact that, allegedly [CYS] did not raise the aggravated circumstances within twenty-one (21) days after determining the circumstances existed. [Father] raised no objection to the aggravated circumstances hearing occurring more than thirty (30) days after the assertion of aggravating circumstances. Appellant raised no objection to the trial court's finding of aggravated circumstances[.] . . .

(Trial Court Opinion, 9/18/14, at 1). The trial court's summary of the relevant facts is supported by the record.

Additionally, in his brief, Father tacitly admits that he did not make a formal objection to the finding of aggravated circumstances, but argues, "[T]he fact that a 'formal' objection is not made, does not necessarily mean that the issue has been waived." (**Id.** at 12). We disagree.

It is well-settled that:

On appeal, the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. The principle rationale underlying the waiver rule is that when an error is pointed out to the trial court, the court then has an opportunity to correct the error.

**Fillmore v. Hill**, 665 A.2d 514, 516 (Pa. Super. 1995) (citations omitted), *appeal denied*, 674 A.2d 1073 (Pa. 1996); **see also M.O. v. J.T.R.**, 85 A.3d 1058, 1061 (Pa. Super. 2014) (noting that "failure to object results in waiver of . . . claim.") (citing **Fillmore**, **supra** at 516).

Here, our review of the record supports the trial court's finding that Father did not object on any basis to CYS' finding of aggravated circumstances. (**See** N.T. Hearing, 6/06/14, at 3-51). In fact, when CYS'

attorney asked for the admission into evidence of Father's guilty plea to statutory sexual assault, Father's attorney responded "No objection, Your Honor." (***Id.*** at 47). Therefore, we conclude that the trial court properly found that Father's challenge of the aggravated circumstances determination is waived.[5] ***See Fillmore***, ***supra*** at 516.

Moreover, Father's claim, that the trial court acted in violation of 42 Pa.C.S.A. §6334(b)(1)(ii) and (2) by finding that aggravated circumstances existed beyond the time permitted in the statute, would not merit relief. (***See*** Father's Brief, at 15-21). Section 6334 provides, in pertinent part:

**(b) Aggravated circumstances.**—

(1) An allegation that aggravated circumstances exist may be brought:

\*     \*     \*

(ii) in a petition for a permanency hearing with regard to a child who has been determined to be a dependent child.

_____

[5] Moreover, we are not legally persuaded by Father's argument that, because he challenged "the timeliness of CYS' assertion of aggravated circumstances" during cross-examination, he preserved his issues. (Father's Brief, at 15; ***see id.*** at 13-14). The record reflects that, although Father's counsel asked when CYS became aware of his criminal history, he never argued that its aggravated factors determination was filed untimely. (***See*** N.T. Hearing, 3/24/14, at 20-21; N.T. Hearing, 6/06/14, at 35). In fact, counsel expressly stated that he was in agreement with CYS' recommendation (which included the finding of aggravated circumstances), and did not object to it on any basis other than Father's supervised visitation. (***See*** N.T. Hearing, 6/06/14, at 48). Therefore, the record does not support Appellant's argument, and it does not merit relief.

(2) The existence of aggravated circumstances may be alleged by the county agency or the child's attorney. If the county agency reasonably believes that aggravated circumstances exist, it shall file the appropriate petition as soon as possible but no later than 21 days from the determination by the county agency that aggravated circumstances exist.

42 Pa.C.S.A. § 6334(b)(1)(ii), (2).

Father claims that the trial court erred in finding aggravated circumstances because CYS filed its petition beyond the twenty-one days permitted by the statute. (*See* Father's Brief, at 16-18). He claims that CYS' letter dated January 29, 2014, demonstrates that CYS was aware of Father's criminal history at that time, far longer than twenty-one days from the date CYS filed its petition, April 1, 2014. (*See id.*). Father's claim thus hinges on the existence of CYS' letter dated January 29, 2014, and the fact that it contains sufficient information to permit CYS to conclude that aggravated circumstances existed.

Fatal to Father's claim, however, is that no one admitted the letter into evidence so, for the purpose of appellate review, it does not exist. *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007).

Therefore, all that we know about CYS' letter dated January 29, 2014, is that it contained some information about Father's criminal history. (*See* N.T. Hearing, 3/24/14, at 21; N.T. Hearing, 6/06/14, at 35). We do not know whether it contained sufficient information to trigger a finding of aggravated circumstances. Accordingly, Father's claim that the trial court

- 8 -

erred in finding that aggravated circumstances existed because CYS failed to make such allegation in a timely manner, fails.

Moreover, our review reveals that the record supports the trial court's finding that aggravated circumstances existed against Father, and that there was no abuse discretion. **See R.J.T.**, **supra** at 1190

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015