J-S21030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH N. MOYER, JR. | : | |
| | : | |
| Appellant | : | No. 1452 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 8, 2021,
in the Court of Common Pleas of Huntingdon County,
Criminal Division at No(s): CP-31-CR-0000069-2020.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED JULY 22, 2022**

Joseph N. Moyer, Jr. appeals from the judgment of sentence, imposing 14 to 48 months' incarceration.  For the reasons below, we affirm.

On September 25, 2019, the police arrested Moyer for driving under the influence.[1]  The trial court appointed Douglas J. Keating, Esq. to defend him.

Shortly thereafter, the COVID-19 pandemic struck.  Pursuant to ***In re: General Statewide Judicial Emergency***, March 18, 2020 Order, Nos. 531 & 532 JAD (Pa. 2020), the Court of Common Pleas of Huntingdon County continued all jury trials indefinitely.

When conditions started to improve, the trial court scheduled *voir dire* in this case for July 2020.  "However, due to the constantly changing COVID-19-infection   rates,   public-gathering   restrictions,   and   infection-control

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 75 Pa.C.S.A. § 3802(D)(1)(ii).  This appeal involves procedural issues. As such, we do not discuss the events that led to Moyer's arrest.

guidance at that time, the court's multiple attempts to schedule and conduct jury trials during the summer of 2020 were thwarted." Trial Court Opinion, 1/25/22, at 3. On July 27, 2020, the court issued orders rescheduling *voir dire* for September 15, 2020 and Moyer's trial for October 5, 2020.

According to the trial court, "At 5:17 p.m. on . . . Friday, September 11th, Attorney Keating submitted a continuance request via facsimile, citing a schedule conflict due to a jury trial for another of his clients in Blair County." *Id.* "As the request was not made until after [the Court of Common Pleas of Huntingdon County] was closed, the court did not become aware of it until the following Monday, September 14th." *Id.* Rather than delay the jury selection further, the trial court "appointed another experienced attorney, Nicolas E. Newfield, Esq., to represent [Moyer] solely for purposes of jury selection." *Id.*

Neither Attorney Keating nor Attorney Newfield filed the September 11th fax with the clerk of courts, and, at *voir dire*, Attorney Newfield did not move for a continuance. Instead, he made only a "general objection to the process being used for selection due to COVID-19 and a little different prejudice to [Moyer] in this matter . . . ." N.T., 9/15/22, at 6.[2]

Moyer did not appear at *voir dire*, and the trial court empaneled a jury. "Attorney Keating filed no motions between jury selection and trial." Trial Court Opinion, 1/25/22, at 4. He waited three weeks, until the morning of trial, and told the court:

---

[2] The stenographer erroneously dated the transcript of jury selection "Monday, October 5, 2020." We use the proper date in our citation.

> Friday, I met with my client, and he wanted to hire Tom Dickey. I'm not even wasting my time filing a continuance in this matter. I explained to him [that, at] jury selection, I filed a continuance, and it was denied, and new attorney was appointed. I gave him the whole background of it. And my client wants me to put on the record an objection to jury selection going on without him and his counsel, and he wants me to ask for a continuance today, so I'm just making you aware of the issue ahead of time.

N.T., 10/5/20, at 3.

Trial commenced, the jury convicted Moyer, and the court sentenced him as described above. This untimely appeal followed, but, due to a breakdown in the trial court's operations, we decline to quash.[3]

Moyer raised a single, compound issue: "Whether the trial court abused its discretion in denying [his] continuance motions and having jury selection and trial in [Moyer's] absence." Moyer's Brief at 6. For ease of disposition, we divide Moyer's multifaceted question in its three subparts — (1) the continuance motions, (2) jury selection in absentia, and (3) trial in absentia. We address each subpart in turn.

## 1. Continuance Motions

We begin with the two continuance motions, neither of which appears in the certified record. This raises the question of whether Moyer's attorneys properly preserved either request for appellate review. As we explain, they did not.

---

[3] **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007) (holding that, where, as here, the clerk of courts delays in filing the order that post-sentence motions are deemed denied by operation of law, that delay is a breakdown in the court system and excuses a tardy appeal).

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

This Court has said, "The fundamental tool for appellate review is the official record of the events that occurred in the trial court." ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*). Therefore, "the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court," and "matters which are not of record cannot be considered on appeal." ***Id.*** Any "document which is not part of the officially certified record is deemed non-existent . . . ." ***Id.*** "Simply put, if a document is not in the certified record, the Superior Court may not consider it." ***Id.*** at 7.

Moreover:

> The certified record consists of the "original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court." Pa.R.A.P. 1921. Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. ***Commonwealth v. Kleinicke****,* 895 A.2d 562, 575 (Pa. Super. 2006) (*en banc*). To facilitate an appellant's ability to comply with this requirement, our Supreme Court adopted the following procedural rule effective as of June 1, 2004:
>
> > The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties

> at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.
>
> Pa.R.A.P. 1931(d). As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. Pa.R.A.P. 1931.

***Id.***

In its Rule 1925(a) Opinion, the trial court relates that Attorney Keating faxed an after-hours continuance request on Friday, September 11, 2020, regarding jury selection, scheduled for September 15th. However, Moyer does not indicate in his brief where in the record we might locate that fax, and our review of the record failed to disclose it. Hence, we conclude that neither Attorney Keating nor Attorney Newfield filed the September 11th fax with the clerk of courts. Thus, it never became part of the certified record, we do not have it before us for appellate review, and we may not consider it.

Because the fax is not in the record, this Court cannot ascertain what issues and arguments Moyer raised in that missing document. We therefore dismiss the sub-issue of whether the trial court abused its discretion in denying Moyer's faxed-in motion as waived. ***See Preston***, ***supra***.

Additionally, on the morning before the trial, defense counsel expressly declined to move for a continuance. He said, "I'm not even wasting my time filing a continuance in this matter." N.T., 10/5.22, at 2-3.

In other words, he did **not** raise this issue at the time of trial. As such, defense counsel made no argument to the trial court to support a continuance. Therefore, all of the arguments that Moyer makes in his appellate brief regarding this issue are made for the first time on appeal, including his reliance upon Article I, § 9 of the Constitution of the Commonwealth of Pennsylvania. **See** Moyer's Brief at 11-14.

Any "issues not raised in lower courts are waived for purposes of appellate review, and they cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "This is because, as [the Supreme Court of Pennsylvania] has oft reminded, issue preservation is foundational to proper appellate review." **Trigg**, 229 A.3d at 269.

We dismiss this sub-issue as waived.

**2. Jury Selection in Absentia**

Turning to Moyer's claims that the trial court abused its discretion by conducting the *voir dire* in his absence, again, we find waiver.

At the time of jury selection, Attorney Newfield made only a "general objection" that never mentioned, much less argued the grounds for the objection, why the trial court could not select a jury in Moyer's absence. N.T., 9/15/20, at 6. He did not give the trial court any legal basis for the objection. Additionally, Attorney Keating made no motions to correct any perceived error

at jury selection in the nearly three weeks between *voir dire* and trial. Finally, on the morning of trial, Attorney Keating said Moyer "wants me to put on the record an objection to jury selection going on without him and his counsel . . . ." N.T., 10/5/20, at 3.

To the extent that this was an objection to the jury selection, defense counsel offered no legal theory to support it. Thus, he did make an argument to the trial court regarding Moyer's objection. A party raising an objection at trial must, at a minimum, state the grounds for the objection to preserve the issue for appeal.

It is well-settled that we "will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." ***Fillmore v. Hill***, 665 A.2d 514, 516 (Pa. Super. 1995). "The principal rationale underlying the waiver rule is that when an error is pointed out to the trial court, the court then has an opportunity to correct the error . . . By specifically objecting to any obvious error, the trial court can quickly and easily correct the problem and prevent the need for a new trial." ***Id.*** (citations omitted); ***see also Commonwealth v. Montalvo,*** 641 A.2d 1176, 1184 (Pa. Super. 1994) (citation omitted) (holding that, in order to preserve an issue for review, a party must make a timely ***and specific*** objection at trial, for this Court will not consider claims on appeal not called to trial court's attention at a time purported error could have been corrected).

Importantly, "the law is clear that issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different

theory of relief may not be successfully advanced for the first time on appeal." ***Commonwealth v. Cline***, 177 A.3d 922, 927 (Pa.Super. 2017), *appeal denied*, 646 Pa. 735, 187 A.3d 210 (2018); Pa.R.A.P. 302(a).

Therefore, to the extent that Moyer claims his absence from voir dire violated his constitutional rights, the Rules of Criminal Procedure, or any other potential basis for objection, those issues are waived.

Additionally, Moyer's appellate brief states no basis for why he claims the trial court purportedly abused its discretion.

Our "Rules of Appellate Procedure do not permit conclusory arguments. Each distinct issue [or sub-issue] must, at a minimum, contain citations of authorities as are deemed pertinent." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 883 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019) (quoting Pa.R.A.P. 2119(a)). Additionally, when "an appellant's argument is underdeveloped, we may not supply [him] with a better one. In such situations, we shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." ***Id.*** at 884–85 (some punctuation omitted).

Moyer cites no rule or case law to support the suggested that the trial court abused its discretion by conducting the *voir dire* without him. The Supreme Court of Pennsylvania has long held that, "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by

the evidence or the record, discretion is abused." ***Commonwealth v. Wade***, 402 A.2d 1360, 1367 (Pa. 1979).

Rather than discuss his claim of error through that abuse-of-discretion lens, Moyer provides this Court with two paragraphs of conclusory assertions and suggestions as to what the trial court theoretically could have done, instead of selecting the jury in absentia. ***See*** Moyer's Brief at 14. He does not explain why the trial court's decision to proceed without him overrode the law, was manifestly unreasonable, "or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record . . . ." ***Wade***, 402 A.2d at 1367.

Hence, we dismiss this sub-issue on two grounds: (1) failure to object in a meaningful way below (especially at the time of jury selection, ***see Trigg***, ***supra***) and (2) Moyer's underdeveloped appellate argument to support it on appeal. ***See Pi Delta Psi***, ***supra***.

## 3. Trial in Absentia

Lastly, in his Statement of Issues Involved, Moyer claims the trial court abused its discretion by failing to continue his jury trial. ***See*** Moyer's Brief at 6. However, in his argument section, he does not offer a legal theory or any analysis to support that assertion. ***See id.*** at 11-14. Accordingly, for the above reasons, we also dismiss this sub-issue as waived. ***See Pi Delta Psi***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/22/2022